ELISHA STRONG *vs.* JEREMIAH DOYLE.

While the defendant was negotiating for the purchase of the plaintiff's farm, the parties made a distinct oral agreement for buying the manure on the farm, the plaintiff agreeing to put up the manure for sale at auction, and the defendant to take it if he was the highest bidder. The plaintiff conveyed the farm to the defendant and put up the manure for sale at auction, but the defendant forbade the sale, claimed the manure as his own, and spread it upon the land. *Held,* that this was a conversion of the plaintiff's property.

TORT for the conversion of thirty tons of manure. At the trial in the Superior Court, before *Wilkinson*, J., the plaintiff introduced evidence that he sold and conveyed a farm to the defendant on February 11, 1870, by a deed describing it by metes and

bounds, and containing no reservation except a right for the plaintiff to occupy the land until April 1 ; that the manure in question was on this farm; that the defendant, while negotiating for the purchase of the farm, made a separate and distinct oral agreement for the purchase of the manure ; that it was agreed that the plaintiff should put up the manure for sale at auction, and the defendant should have it if he was the highest bidder ; that in March the plaintiff advertised the manure for sale at auction ; but that, at the time and place advertised, the defendant forbade the sale, claimed the manure under his deed, and afterwards spread it upon the land.

On this evidence the judge ruled that the plaintiff could not maintain his action, and directed a verdict for the defendant, which was returned.   The plaintiff alleged exceptions.

*C. Delano & J. C. Hammond,* for the plaintiff.

*C. E. Smith & S. T. Spaulding,* for the defendant.

Colt, J.   It was said in *Fay* v. *Muzzey,* 13 Gray, 53, that manure made in the course of husbandry upon a farm is so attached to and connected with the realty that, in the absence of any express stipulation to the contrary, it passes as appurtenant to it.   This rule is applied in whatever situation or condition the material is before it is finally expended upon the soil.   It is till then an incident of the real estate of such peculiar character that, while it remains only constructively annexed, it will be personal property if the parties interested agree so to treat it.   Such an agreement, though it be unwritten, does not come within the statute of frauds, and is not to be rejected, although contemporaneous with the conveyance of the real estate.   An oral contract for the sale of it is valid.   In the case of fixtures which are not incorporated with, but merely annexed to the freehold, the rule is well settled that the statute does not apply.   Browne on St. of Frauds, § 234.   *Hallen* v. *Runder,* 1 C., M. & R. 266.   *Bostwick* v. *Leach,* 3 Day, 476.

In the case at bar, evidence was offered that the defendant, while negotiating for the farm and before its conveyance to him, made a separate and distinct agreement for the purchase of the manure, to be his only in case he was the highest bidder at pub-

lic auction; that the plaintiff advertised the sale as agreed, and the defendant at the sale for the first time claimed that the manure belonged to him under the plaintiff's deed, and that it was afterwards spread upon the land by him. The deed was in the usual form, conveying the land only, and reserving only to the plaintiff the right of occupying until the first of April following.

In the opinion of the court, this evidence supports the plaintiff's title to the property in dispute. It proves an independent preliminary agreement, by which it was severed from its relations to the realty before the deed was made. It serves to ascertain the subject matter upon which the deed was intended to operate. 1 Greenl. Ev. § 286. *Ropps* v. *Barker*, 4 Pick. 239. Such an agreement, made upon good consideration, with the owner of land before it is conveyed, is, as a mode of severance, as effectual as a sale by the owner to a stranger, or an agreement between landlord and tenant by which the manure becomes personal property. *Noble* v. *Sylvester*, 42 Vt. 146.   *Ford* v. *Cobb*, 20 N. Y. 344.

This case differs from *Noble* v. *Bosworth*, 19 Pick. 314, cited by the defendant. There the owner of land erected a dye-house upon it, in which dye-kettles, firmly secured in brick, were set up. And it was held that a verbal reservation of the kettles, before or at the time of the delivery of the deed of the land, was inadmissible to control the ordinary effect and operation of the deed. The property in dispute had been actually annexed to the building, and intentionally incorporated with the real estate by the owner for the purpose of permanent improvement. While in that condition before severance it was subject to the rules which govern the title and transfer of real estate, and passed by the deed. Here no act of severance was necessary to detach the manure from the land, and the agreement of the parties was sufficient.                    *Exceptions sustained.*