SAMUEL B. FLETCHER *vs.* HENRY HERRING.

Manure so made or held as to be the personal property of an outgoing tenant does not necessarily become real estate by being left upon the premises after the expiration of the tenancy.

TORT for the conversion of two cords of manure.

At the trial in the Superior Court, before *Wilkinson*, J., it appeared that the plaintiff had occupied a dwelling-house, a barn

and a garden of something over a quarter of an acre, as a tenant at will of one Koontz; that he voluntarily terminated his tenancy February 28, 1872, before the expiration of a year from April 1, 1871, the period contemplated by the original letting; that when he came into possession of the premises, he found there a small quantity of manure left by an outgoing tenant, which, with the knowledge and consent of Koontz, he used on the land; that the defendant hired and entered into occupation of the premises at once upon their being vacated by the plaintiff; that manure had been made during the plaintiff's tenancy by his animals; that it was frozen at the time the plaintiff left the premises; that he asked Koontz if he might take it away in the spring; that Koontz replied, " he did n't know about that." The plaintiff testified that afterwards he asked the defendant if he might take away the manure in the spring, and he said " he could take it for all him; " that in the spring he went with a team and entered the premises, and was loading the manure to take it away when Koontz came and forbade him to do so and ordered him off the premises; that nevertheless he took away one load; that afterwards he returned to remove the rest, when the defendant ordered him to desist. The defendant testified that he told the plaintiff that Koontz claimed it as his, and had directed him not to let him take it. The plaintiff left it, and the defendant used it on the land in raising his own crops, and this was the act relied on as a conversion.

The defendant requested the following ruling: " If the manure could have been treated as personalty, so that the tenant might have had the right to remove it during his tenancy, yet after he had left the premises voluntarily and left the manure without any license from the landlord to return and remove it, the manure would attach to the realty, and it would not be a conversion of it to use it on the soil."

The judge refused to rule as requested, and gave other instructions to the jury, which were not excepted to. The jury returned a verdict for the plaintiff with damages in the sum of $11, and the defendant alleged exceptions.

*W. S. B. Hopkins,* for the defendant.

*S. T. Field*, for the plaintiff.

GRAY, C. J.   The only exception before us is to the refusal to give the instruction requested.   But that instruction may well have been refused by the presiding judge as tending to confuse and mislead the jury by giving them to understand that manure, which by force of an agreement of the parties interested, or because it was not made in the usual course of husbandry, was personal property, would necessarily become real estate at the termination of the plaintiff's tenancy.   *Daniels* v. *Pond*, 21 Pick. 367.  *Fay* v. *Muzzey*, 13 Gray, 53.   *Strong* v. *Doyle*, 110 Mass. 92.  The instructions given are not reported, and must be presumed to have been accurate and sufficient.      *Exceptions overruled.*