# Pepper's Estate.　Pepper's Appeal.

[Marked to be reported.]

*Will and codicil form a single instrument.*

That a will and codicil, though written on separate pieces of paper and executed at different times, constitute but one instrument, and that a codicil is as much a part of the will as if written therein, is elementary law. It is an addition to a will, and when properly executed, becomes a part of it.

*Probate—All testamentary papers should be probated together.*

All testamentary papers, no matter how numerous, should be proved together, as together constituting one will.

It is possible that cases may arise where a codicil could be probated separate from the will, but it would be necessary to show that the testator intended it to operate separately from the will.

*Domicile of testator unimportant if estate here—Will entitled to probate if duly executed.*

Independently of the question of domicile, when the bulk of the testator's estate is situated in this commonwealth, his will, as a muniment of title, is entitled to probate here.

In order to carry title to real estate the will must be executed in conformity to the laws of Pennsylvania.

*Foreign will—Domicile of testator.*

By a will executed in Paris before a notary, testator (who had been for some years residing in France) made a will bequeathing the bulk of his property to appellee, with whom his relations were meretricious. He afterwards executed a codicil to the said will in Philadelphia solely for the purpose of appointing an executor. The French will having been proved in Paris after the testator's death, appellee applied for ancillary letters and at the same time presented for probate the codicil which had been produced on her demand by its custodians, the executors of the party named therein as executor, who at this time was himself deceased.

*Held,* (1) that the executor named in the codicil being deceased, there was no administrative advantage in probating the codicil, standing alone, as it made no disposition of property; (2) there was nothing in the will and codicil to show that testator intended the codicil to act as an independent paper; (3) that the will and codicil taken together constitute but a single instrument, and must be so treated in determining their admission to probate and the question of testator's domicile incident thereto.

Argued Jan. 19, 1892. Appeal, No. 424, Jan. T., 1891, by George N. Pepper et al., from decree of O. C. Phila. Co., in estate of Charles Rockland Pepper, deceased. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Appeal from decree ordering the register to admit to probate a codicil to the will of decedent.

The facts appear by the opinion of the Supreme Court.

The will of testator, to which reference is made, was as follows:

| | |
|---|---|
| Republique Francaise. | Maurice Brault, Notaire, Neuilly, Seine. |
| | 13497 |

Testament de Mr. Pepper.

Enregistrement, Timbre

Ceci est mon Testament . . . . .

Je laisse á Mademoiselle Sybilla Erb, demeurant avec moi et actuellement chez sa belle mere Madame Broich No. 36 Frantzstrasse á Ehrenfeld pres de Cologne (Alle-

1892.]                    *Statement of Facts.*

et Domaines.    magne) tout ce que je possede, sauf les
   ×2                                            ×1
+               tableaux de famille et cent cinquante mille
cent            francs que je laisse a ma tante Fannie Lamb,
(Renvoi         demeurant aux Etats Unis d'Amerique.
Specialement        Fait de bonne foi et sans aucune pres-
approuvè.       sion, le 16 Mai 1887 á Neuilly sur Seine.
M. Brault,              CHARLES ROCKLAND PEPPER.
   N.                              +
                ×1   je dis cinquante mille francs.
                ×2   et les bijoux de famille. . . .

                        TRANSLATION.
March 8, 1890.
Revenue                 Stamp of
Stamp of 1.50           Notary.
Republic.               13497
THE WILL            This is my testament. I leave to
   OF           Mademoiselle Sybilla Erb, residing with me
MR. PEPPER.     and at this moment staying with her step-
                mother, Madame Broich, No. 36 Frantz-
Stamp of the    strasse, at Ehrenfeld, near Cologne, Germany,
Government.     everything which I own, except the family
   ×2                                            ×1
                pictures and one hundred and fifty thousand
                francs which I leave to my aunt, Fannie
+               Lamb, residing in the United States of
The word        America.
"hundred"           Done in good faith and without any
interlined.     coercion, the sixteenth day of May, 1887, at
(Signed)        Neuilly sur Seine.
M. Brault.          (Signed)
   N.                  CHARLES ROCKLAND PEPPER.
                               +
                ×1 I say one hundred and fifty thousand
                   francs.
                ×2 and the family jewels.

The court below decided (opinion by ASHMAN, J.) that the register should admit the codicil to probate, and entered a decree accordingly.

George N. Pepper et al., heirs and next of kin of the decedent, appealed.

*Errors assigned* were (1) ordering probate of the codicil; (2) ordering probate while proceedings were pending attacking validity of the copy of the will produced; (3) deciding the question upon petition and answer, though replications had been filed and questions of fact were in dispute; (4) assuming the existence of certain facts not of record; (5, 6) permitting the appellee to probate the codicil apart from the will, the question of the probate of the latter being still undetermined; (7) in deciding that although a large part of the testator's estate consisted of personalty, the codicil must be absolutely admitted to probate because it formed a muniment of title to real estate; (8) if it should be admitted on the last ground, in ordering its probate generally for all purposes, and not restricting the effect of probate to real estate only.

*A. T. Freedley* and *John G. Johnson*, for appellants.—On appellee's application for ancillary letters, appellants resisted their grant on the ground that decedent's will was not valid according to Pennsylvania law, that testator's domicile was Philadelphia and that his alleged will was produced by undue influence. On appellants' demand proceedings were suspended by the register certifying these questions to the orphans' court. While they were there pending, appellee presented the codicil for probate. The will and codicil constitute but one instrument, and should be offered for probate together: Crosbie v. MacDoual, 4 Vesey, 616; 1 Williams on Executors, (6 Am. ed.) 8; In re Harris, L. R. 2 P. & D. 83; In re Crawford, L. R. 15 Prob. Div. 212; In re Lord Howden, 43 L. J. Rep., P. & M. 26; In re De la Saussaye, L. R. 3 P. & D. 42; In re Honywood, L. R. 2 P. & D. 251; Redfield on Wills, chap. 7, sec. 25; Youse v. Forman, 5 Bush, Ky., 347; In re William T. Pinckney, 1 Tucker (N. Y.) 436.

In Hood's Estate, 21 Pa. 106, the sole question was as to the domicile of the testator, and the will presented to the register of Philadelphia county had never been proved elsewhere. If the course pursued by the appellee were allowed, a conflict of laws might arise. Thus appellants allege that in the absence of proof, the will is prima facie invalid under Pennsylvania law by reason of the meretricious relations which the legatee occupied toward the testator: Reichenbach v. Ruddach, 127 Pa. 593.

The probate of the entire instrument must, at least as to the personalty, be under the law of some one place : Flannery's Will, 24 Pa. 502 ; In re Crawford, L. R. 15 Prob. Div. 212. The codicil is invalid under the law of France : See Code Napoleon, art. 970 ; Aubert's Ap., 109 Pa. 458.

The executor named in the codicil being dead, there can be no reason on the face of the proceedings for demanding immediate probate of the codicil apart from the will.

The court below held that the question of domicile was irrelevant in these proceedings. While this may be true in ordinary cases, it was an error to apply the doctrine to the case in hand. For upon the question of domicile may depend, as far as personalty is concerned, the right to attack the will upon the ground of the undue influence exerted by the appellee and the validity of the document as a testamentary disposition under the laws of Pennsylvania. The probate is conclusive upon these questions : Shoenberger's Estate, 139 Pa. 132.

*James Parsons*, with him *Dwight M. Lowrey*, for appellee.— Proponent in this case has followed the practice in Hood's Estate, 21 Pa. 106. The English court followed a similar practice in the Goods of Lord Howden, 43 L. J. P. & M. 26 The only question for the register is whether the papers sub mitted, taken together, properly established the whole testamentary disposition. If they do, he must receive them. He cannot decline because they are not all originals, or all copies. It is a misconstruction of the appellee's position to say that she originally demanded "immediate probate of the codicil apart from the will." The question of jurisdiction touching the codicil she had the right to have determined at once.

Whether testator's domicile was Paris or Philadelphia letters of administration granted here will have the same effect—to make the administrator the representative of the estate for Pennsylvania and no further. If the court has authority to make a final *distribution* in the forum of ancillary administration does it not follow that they have jurisdiction to receive to probate the original testamentary instrument of a foreign testator ? Dent's Ap., 22 Pa. 514 ; Del Valle's Est., 17 W. N. C. 30 ; Ewing v. Orr Ewing, L. R. 10 Ap. Cas. 453 ; Duncan v. Duncan, 1 Watts, 322 ; Flannery's Will, 24 Pa. 502 ; Booth

v. Timoney, 3 Dem. (N. Y.) 420 ; Russell v. Hartt, 87 N. Y.
19 ; Varner v. Bevil, 17 Ala. 286 ; Jaques v. Horton, 76 Ala.
238 ; Hyman v. Gaskins, 5 Ired. Law, 267 ; De Mora v. Concha,
L. R. 29 Ch. Div. 304, 11 Ap. Cas. 541 ; Whicker v. Hume,
7 H. L. C. 123.

Proponent was entitled to probate this codicil as a muniment
of title to real estate : Cochran v. Young, 104 Pa. 333 ; Broe
v. Boyle, 108 Pa. 76 ; Thomason's Estate, 13 Phila. 376 ;
Holman v. Hopkins, 27 Tex. 39 ; In re Mendes da Silva, 2 Sw.
& Tr. 315.

It is trifling with the forms of justice to refuse to admit this
codicil on the ground that it has not been proved in France,
and then refuse to give the codicil to proponent in order that
they may prove it there.   If the register has no jurisdiction
he should deliver the codicil to proponent: 3 Redfield on
Wills, 18 ; In re Gibbs, 28 L. J. N. S., Prob., 90 ; Frederick
v. Aynscombe, 1 Atkyns, 628 ; In re Will and Codicil of late
Emperor Napoleon Bonaparte, 2 Robertson, Ecc. 606 ; Wil-
liams v. Floyer, 1 Amb. 343 ; Peirce v. Watkin, 2 Dick. 485 ;
Luke v. Causefield, 3 Bov. C. C. 263 ; Forder v. Wade, 4 Bro.
C. C. 476 ; Qualey v. Qualey, 4 Madd. 213 ; Morse v. Roach,
2 Strange, 961.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892 :
This was an appeal from the order of the court below, ad-
mitting to probate a codicil to the will of the late Charles Rock-
land Pepper.   The testator died in Paris, France, on March 7,
1890.   In the fall of that year, a French woman, named Sybilla
Erb, the appellee, presented to the register of wills of Philadel-
phia certain papers, purporting to be a probate of the will of
said Charles Rockland Pepper, by the authorities of Paris, and
at the same time presented her own petition to said register,
praying that ancillary letters of administration might be issued
to herself here.   This petition was accompanied by a codicil to
said will, executed by the said Pepper while in this country,
dated June 9, 1887.   The alleged will bears date May 16, 1887.
The codicil is as follows :

"PHILADELPHIA, June 9, 1887.
" I, Charles R. Pepper, do make and declare this a codicil to
my will made in Paris, May    , 1887, and I do hereby nominate

and appoint my uncle, George S. Pepper, executor of said will, with full power and authority to do all things necessary and expedient in the premises.

"Witnesses:           CHARLES ROCKLAND PEPPER. [SEAL.]
      "FREDERICK STANGER.
      "JOHN S. FROMME."

By the alleged will the testator gave nearly the whole of his estate to Sybilla Erb, the appellee. It was conceded that the relations between them were meretricious. The admission of the will and codicil to probate was resisted by the heirs and next of kin of the testator, who reside here, where most of his real estate is situate. The appellants claimed that Philadelphia was the place of principal administration, and not of merely ancillary administration, as the legal domicile of the testator was within this commonwealth; that the will was not valid under the laws of Pennsylvania, and that, in view of the meretricious relations existing between the parties, the will, in the absence of proof, was prima facie invalid as presuming undue influence. It was further contended that the alleged will was not signed at the end thereof, as required by the statute of this state. None of these questions were determined by the register, as the appellee, by her petition, requested that officer to certify to the orphans' court, under the acts of assembly, that a difficult and disputable fact had arisen, and that the proceedings should be certified by him to that court. They were so certified as to the will, and, upon the application of the appellee, the orphans' court appointed an examiner to take testimony. While the examiner was engaged in taking testimony, the appellee filed her petition in said court, demanding that the codicil to the will should of itself, and apart from the will of which it formed a part, be admitted to immediate probate, or, in the alternative, that it should be delivered to the appellee for the purpose of being probated in France. The respondents filed their answers, denying the right of the petitioner thus to split the will into different portions, and obtain an immediate probate of one portion while proceedings were pending on the other, and main portion thereof, at her own request. The appellee filed her replications to these answers. The court below decided the matter upon the petition and answers, and admitted the codicil to probate, pending the contention over the will itself.

George S. Pepper, the executor named in the codicil, was deceased at the time it was admitted to probate. Under such circumstances, it is difficult to see the administrative advantage of probating the codicil. Letters testamentary could not issue to a dead man, and letters of administration cum testamento annexo would be a novelty without a will to annex. The codicil made no disposition of property. Standing alone, therefore, it could be of no use to any one. That it may have a most important bearing upon the future disposition of Mr. Pepper's estate, is a proposition that was doubtless fully appreciated by the astute counsel engaged in this contention, and is doubtless the cause of the fierce battle that has been waged over it.

The codicil was executed in strict compliance with the law of this state. It is attested by two subscribing witnesses. If, therefore, it is part of the will, as I shall endeavor to show, it is the last portion, and, being signed by the testator at the end thereof, no objection could well be taken to it as a Pennsylvania will, because not properly executed. Moreover, as it was written by his uncle, and executed in this country, with the ocean between the testator and the appellee, it may have an important bearing upon the question of undue influence, should that question be formally and seriously raised hereafter. It is also to be noted that the codicil is a republication of a will made in Paris in May, 1887. If the will offered to the register here is that will, it is not difficult to see how a great contention should arise over what is apparently a small matter.

That a will and codicil, though written on separate pieces of paper, and executed at different times, constitute but one instrument, and that the codicil is as much a part of the will as if written therein, is elementary law. It is an addition to a will, and, when properly executed, becomes a part of it. No authority is needed for so obvious a proposition. This brings us at once to the question, can a will be probated in sections?

The appellee, to sustain this proposition, refers us to Hood's Est., 21 Pa. 106. An examination of that case shows that no such question as the one we are now considering was either raised or decided. In Hood's Estate it appeared that the testator was a native of this country, but removed to Cuba when under twenty years of age, and engaged in business there. He became a naturalized citizen of Cuba, and resided there all his

life, making an occasional visit to the United States and Europe. He died while on a visit to Paris. He made a will in Cuba, which, however, does not appear to have been proved there. He also executed several codicils in Philadelphia, where he owned some property. The Philadelphia codicils were executed in conformity with the law of this state, and, after his death, the codicils, with a copy of the Cuba will attached, were probated as one instrument before the register of wills in Philadelphia. The whole contention was as to the domicile of the testator, and whether certain legacies given by said will, and payable out of the profits of his sugar plantations in Cuba, were subject to collateral inheritance tax by our laws.

Lord Howden's Case, 43 L. J. P. & M. 26, is against the appellee on this subject. There the testator left two wills; one in the English form for his property in England, and one in the French form for his property in France, and had subsequently made two codicils to the English will. The English will referred to his French will, just as Mr. Pepper's codicil refers to his Paris will. The court in England refused probate of the English will and codicils until the French documents were produced and proved with it as part thereof, with an intimation that authenticated copies of the document relating to the French will might be supplied if the original could not be produced.

In re Harris, 2 Prob. & Div. 83 (L. R. 1870), the testator executed a will relating to property in Tasmania, and also, subsequently, another will relating to property in England. The English will was admitted to probate in England without reference being made to the Tasmania will. The latter was presented for probate in Tasmania, but was rejected on the ground that the document was only a part of the will of the deceased. That, of whatever number of executed documents the will consists, they cannot be separated, and must all be proved together, as together constituting one will. The court sustained this position, and revoked the probate previously granted of the English will alone, and held that probate should issue of both papers as " together constituting the will of the deceased." The same doctrine is laid down in In re Crawford, 15 Prob. Div. (L. R. 1890) 212, In re de la Saus-

saye, 3 Prob. & Div. (1873) 42, In re Honywood, 2 Prob. & Div. (1871) 251. Indeed, our attention has not been called to any well-considered case which sustains the contrary view.

It is possible that cases may arise where a codicil could be probated separate from the will. But it would be necessary to show that the testator intended it to operate separately from the will. In Redfield on Wills, chapter 7, § 25, paragraph 16, it is said : "It is for the party applying for a probate of a codicil alone, to show that the deceased intended that it should operate separately from the will." This quotation from Redfield is cited and approved in Youse v. Forman, 5 Bush, Ky. 347, where the object was to sustain a codicil apart from a revoked will, and the court said : " The codicils to the main paper, all being in the margin thereof, must share the fate of the body of the will, for these all depend upon and are intimately interwoven with it, and neither being sufficiently independent to be upheld and executed as a testamentary paper. Nor does either indicate any intention of the testator to have either of them sustained independent of the main body of the will." To the same effect is In re William T. Pinckney, 1 Tucker (N. Y. Sur.), 436.

There is nothing in the will and codicil of Charles Rockland Pepper to show that he intended the codicil to act as an independent paper. Indeed, it is impossible that it should do so, for, standing alone, with the executor named therein in his grave, it is as harmless a paper as could be compressed in the same number of lines.

We are unable to see what the question of domicile has to do with the case as now presented, except in the single matter of the mode of proof of the will. It may become a question of importance, hereafter, in the distribution of the estate. The bulk of testator's estate, much of it being realty, being situate in Pennsylvania, his will is entitled to be probated here. It is a muniment of title. Moreover, in order to carry the real estate, it must be executed in conformity to our law. This will and codicil, taken together, constitute a valid Pennsylvania will in form, and if it is the voluntary act of the testator, free from any improper influence, it is a good will here, when properly proved, whatever may be its status in France.

The learned court below was of opinion that the codicil

could be separately probated, because the testator owned real estate in this jurisdiction. This would be an unanswerable argument if it were applied to the whole will, but as applied to the codicil as apart from the will, it has little force, because the codicil has no force. The decree as it stands must be reversed, and the case sent back in order that the question of the probate of the whole will may be passed upon by the proper tribunal.

The decree is reversed at the cost of the appellee.