SARAH A. COLLIER *vs.* GEORGE F. JENKS.

The rule that manure made on a farm in the usual course of husbandry will pass under a deed of the farm as an incident of the realty or appurtenant to it is one of policy in the interest of agriculture; but it has no application where the sale is not of the farm but only of a small part thereof consisting of a lot of seven-eighths of an acre on which the manure made on the farm happened to be piled at the time of the conveyance.

TRESPASS *de bonis asportatis.* Certified from the District Court of the Sixth Judicial District on exceptions.

*June 29, 1895.* MATTESON, C. J. This is an exception to the decision of the District Court of the Sixth Judicial District in an action of trespass *de bonis asportatis* for breaking and entering the plaintiff's close and taking and carrying away and converting to the defendant's use a quantity of manure. It was admitted at the trial that the manure, amounting to about nine cords, was made on the farm of the defendant's wife; that it had been hauled out of the barn yard and piled on a lot containing about seven-eighths of an acre which, subsequently, on December 23, 1893, was conveyed by the defendant and his wife to the plaintiff. The defendant offered evidence tending to prove an oral reservation of the manure at the time of the conveyance and an agreement between him and the plaintiff that he might remove the manure in the following spring. The court excluded the evidence on the ground that the manure was appurtenant to the land on which it was piled and passed

under the deed of it. to the plaintiff ; and that no oral reservation was effectual to retain title to the manure.

The record shows that no exception was taken at the trial to the exclusion of testimony and we cannot, therefore, consider that part of the defendant's brief based on exceptions to the exclusion of testimony. *Meyers* v. *Briggs*, 11 R. I. 180. Exception, however, within the time permitted by the Judiciary Act was taken to the decision of the court awarding the plaintiff $45, the value of the manure. This exception will enable us to review the decision of the court and to set it aside if, on the evidence reported, it is erroneous.

Manure made on the farm in the usual course of husbandry is so far regarded as an incident of the realty or appurtenant to it that, in the absence of any agreement concerning it, it will pass under a deed of the farm. The rule is one of policy, designed to promote the interests of agriculture. We see no reason for its application when the sale is, not of the farm, but only of a small parcel of land off the farm on which the manure happens to be piled. *Cessante ratione, lex ipsa cessat.* There is nothing in the nature of manure prior to its actual incorporation with the soil which makes it necessary to regard it as a part of the realty. It may be sold by the owner of a farm separately from the land. Such a sale amounts to a severance of it from the land and constitutes it personal estate ; *French* v. *Freeman*, 43 Vt. 94 ; or it may be the subject of an oral reservation prior to or contemporaneous with a conveyance of the land and thereby become personal estate ; *Strong* v. *Doyle*, 110 Mass. 92. Manure made in livery stables, or in barns not connected with farms, or otherwise than in the usual course of husbandry, forms no part of the realty on which it may be piled, but is regarded as personal estate. *Needham* v. *Allison*, 4 Foster, 355 ; *Daniels* v. *Pond*, 21 Pick. 367 ; *Lasell* v. *Reed*, 6 Greenl. 222 ; *Parsons* v. *Camp*, 11 Conn. 525.

The conveyance to the plaintiff having been, not of the farm, but only of a lot of seven-eighths of an acre, we are of the opinion that the manure did not form a part of the land conveyed because it happened to be piled on it at the time of

the conveyance ; and, hence, that the court below erred in awarding the value of the manure to the plaintiff.

Exception sustained and case remitted to the District Court of the Sixth Judicial District for a new trial.

*John W. Hogan,* for plaintiff.

*John E. Goldsworthy,* for defendant.