EDWARD M. NASON *vs.* WILLIAM H. TOBEY.

Essex. November 5, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Landlord and Tenant. Manure.*

Although manure made in the ordinary course of husbandry belongs to the landlord of a leased farm, and perhaps under some circumstances may belong to him even if made from hay furnished by the tenant, yet, when animals are collected on a farm to a greater number than it is capable of supporting and are fed there upon purchased food for the purpose of carrying on the milk business, the tenant has a right to some ascertainable proportion of the manure.

TORT for the conversion of manure. Writ dated June 7, 1901. In the Superior Court *Richardson*, J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. S. Peters & H. J. Cole,* for the plaintiff, submitted a brief. No counsel appeared for the defendant.

HOLMES, C. J. This is an action for the conversion of some manure, brought by an outgoing tenant against his landlord. On the plaintiff's testimony he had piled up in the cellar of the barn and outside, when he left, thirty-five cords of manure, two cords of which he purchased, and the rest of which was made during his tenancy, more than half, it would seem, at the lowest estimate, from hay and grain bought by him. The plaintiff was engaged in the milk business and seems to have had more cattle on the farm than it could have supported. When he undertook to treat the manure as his own, the defendant claimed it and forbade him to sell it. At the trial the presiding judge ordered a verdict for the defendant, and the plaintiff excepted.

We are of opinion that the exceptions must be sustained. Undoubtedly manure made in the ordinary course of husbandry belongs to the landlord. *Daniels* v. *Pond,* 21 Pick. 367. And it may be that under some circumstances it would belong to him, even if made from hay furnished by the tenant. *Lassell* v. *Reed,* 6 Greenl. 222. *Lewis* v. *Lyman,* 22 Pick. 437, 442. But when animals are collected on land in excess of the number which it is capable of supporting, and they are kept there and fed upon purchased food for some other purpose than as incident to agriculture, a different rule applies. *Pickering* v. *Moore,* 67 N. H. 533. *Gallagher* v. *Shipley,* 24 Md. 418, 429. See *Fay* v. *Muzzey,* 13 Gray, 53, 56 (2); *Fletcher* v. *Herring,* 112 Mass. 382, 384. It may be that if a question of apportionment were before us, it would be proper to take into account, on the defendant's side, that the milk sold from the farm was a substantial drain on the land, but we have to consider only whether it appears that the plaintiff could recover nothing, as matter of law. On the facts stated he had a right, if not to the whole pile of manure, to some ascertainable proportion of it which could be measured off to him. The defendant prevented him from taking any part, and claimed the whole. It was going too far to say that the plaintiff could recover nothing. *Pickering* v. *Moore,* 67 N. H. 533, 536.

*Exceptions sustained.*