Eugene N. Lowe, Individually and as Executor, etc., of Clara Josephine Lowe, Deceased, and Another, Appellants, *v.* Plainfield Trust Company of Plainfield, New Jersey, as Executor, etc., of James A. Lowe, Deceased, and Others, Respondents.

First Department, March 19, 1926.

Partition — testator, resident of New Jersey, devised all real property in New York to charitable corporations — said devise is alleged to be invalid under Decedent Estate Law, § 17 — plaintiffs allege that will was not valid — answer alleges that will was admitted to probate in New Jersey with consent of plaintiffs pursuant to agreement of settlement and that executor has made contract for sale of property in New York and plaintiffs have accepted payments thereunder — plaintiffs allege that settlement was void as to New York real property and was executed without knowledge of their rights — law of this State governs validity of will concerning disposition of property here — issue raised as to validity of agreement — summary judgment under Rules of Civil Practice, rule 113, cannot be granted in partition action — Rules of Civil Practice, rule 112, not applicable — motion under Rules of Civil Practice, rule 104, to strike out reply as sham cannot be supported by affidavits — alleged contract for sale of property in New York is not bar to action — complaint was properly dismissed as to executor of widow who had merely dower right in property.

In an action for partition of real property located in New York which was devised by a resident of New Jersey to New York charitable corporations and which constituted the entire estate of the testator in New York, an issue of fact is raised which cannot be disposed of on a motion for judgment on the pleadings, since it appears that the plaintiffs alleged that the will itself is invalid, although it was admitted to probate in New Jersey, and that the devise of the entire estate in New York to charitable corporations was invalid as to one-half thereof under section 17 of the Decedent Estate Law, and that the answer alleges that the will was admitted to probate in New Jersey on the consent of the plaintiffs, pursuant to an agreement of settlement and that the executor had entered into a contract prior to the commencement of this action for the sale of the property located in New York, except one parcel, and plaintiffs had accepted payments under said settlement agreement, to which the plaintiffs replied that the agreement was void and without consideration and was ineffective as to real property situated in the State of New York in that it attempted an unlawful suspension of the power of alienation, and further, that the plaintiffs were not advised of their rights under the laws of the State of New York at the time the agreement was made nor fully advised as to the contents of the agreement.

Even if it be assumed that the decree admitting the will to probate in New Jersey is a valid and binding decree, nevertheless in so far as the will disposes of real property situated in New York, the law of this State governs and the construction, validity and effect of the will must be determined thereunder.

The contention of the defendants that the plaintiffs have waived their rights under section 17 of the Decedent Estate Law by entering into the agreement and accepting payments thereunder and that, therefore, no issue of fact is raised, cannot be sustained, for the plaintiffs raised the question of the validity of that agreement which is an issue of fact that must wait a trial.

Summary judgment cannot be granted in this action under rule 113 of the Rules of Civil Practice, since it is an action for partition and not on a debt or liquidated demand.

Rule 112 of the Rules of Civil Practice, providing for judgment on the pleadings, is not applicable, since issues of fact are raised by the pleadings.

If the motion be considered as one made under rule 104 of the Rules of Civil Practice to strike out the reply as sham, then no affidavits may be considered, since the only question under such a motion is whether or not the answer upon its face shows a colorable defense.

The fact that the executor has entered into a written contract for the sale of all except one parcel of real estate located in this State pursuant to a power of sale contained in the will, is not a defense upon the motion by the plaintiff for judgment on the pleadings.

The complaint, however, was properly dismissed as to the executor of the widow of the testator, for while the widow was alive she had only the right to have her dower admeasured and upon her death before such admeasurement her interest in the real property of her deceased husband ceased.

APPEAL by the plaintiffs, Eugene N. Lowe, individually and as executor, etc., and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of October, 1925, granting defendants' motion for judgment on the pleadings, and also from a judgment entered in said clerk's office on the 21st day of October, 1925, pursuant to said order.

*Roger J. Heisler* [*John L. Wells* of counsel], for the appellants.

*Geller, Rolston & Blanc* [*C. Alexander Capron* of counsel; *Frederick M. Herrick* with him on the brief], for the respondent Plainfield Trust Company.

*King, Lane & Trafford* [*Perry D. Trafford* of counsel], for the respondent St. Luke's Hospital.

*Peck & Hancock* [*Bayard L. Peck* of counsel; *John T. Hancock* with him on the brief], for the respondent St. Vincent's Hospital.

*Wood, Molloy & France* [*Melville J. France* of counsel], for the respondent The Somerset Hospital.

FINCH, J. The action was brought for the partition of certain real property located in the State of New York, of which one James A. Lowe, a resident of the State of New Jersey, died seized and possessed. The deceased was survived by the plaintiffs, his son and daughter, and by his widow, since deceased. Under the will of the latter, the plaintiffs have succeeded to any interest which she may have had in the estate of her deceased husband.

The complaint alleges that the said James A. Lowe died on or about the 13th day of October, 1923, leaving a last will and testa-

ment dated May 24, 1921, which was admitted to probate on December 11, 1923, as a will of real and personal property by the surrogate of Somerset county, N. J., and that letters testamentary were issued to the defendant Plainfield Trust Company of Plainfield, N. J. It is further alleged that the testator was not competent to make a will; that if said will was actually signed by him, it was signed by reason of undue influence. It is further alleged that the said James A. Lowe died seized in fee simple of certain parcels of real property located in the State of New York, as well as certain real and personal property located in the State of New Jersey; that the testator devised the real property located in the State of New York to the defendants Somerset Hospital of New Jersey, St. Vincent's Hospital of New York city and St. Luke's Hospital of New York city, in contravention of chapter 18 of the Consolidated Laws of 1909 of the State of New York,* which prohibits any person having a husband, wife, child or parent from devising or bequeathing more than one-half of his or her estate, after the payment of his or her debts, to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation; that by reason of the premises the plaintiffs, as heirs, became seized in fee simple of one-half the property left by the testator, wherefore, the plaintiffs demand judgment that the will be adjudicated to be invalid and that partition be made of the real property among the persons entitled thereto.

The answer, in addition to denials, as a separate defense, alleges that the will in question was admitted to probate on consent of the plaintiffs, pursuant to an agreement of settlement entered into between the plaintiffs, the deceased widow of the testator and the defendants Somerset Hospital, St. Vincent's Hospital and St. Luke's Hospital; that the executor of the will had entered into a contract for the sale of the property located in New York, with the exception of one parcel thereof, and that plaintiffs had accepted payments under the said settlement agreement.

Plaintiffs, in reply, allege that the agreement upon which the probate was had was void, in that it was without consideration; that it was not executed by the executor and trustee under the will and that it was ineffective as to real property situated in the State of New York in that it attempted an unlawful suspension of the power of alienation of said property. Further, that plaintiffs were not apprised of their rights under the laws of the State of New York; that at the time they entered into the said agreement they were over the age of seventy years, not conversant with

* *Sic.* See Consol. Laws, chap. 13 (Laws of 1909, chap. 18), § 17, as amd. by Laws of 1923, chap. 301.— [Rep.

legal matters or phraseology and that it was represented to them that all the provisions of the will were valid and enforcible, also that they would receive income at the rate of six per cent on a fund which the settlement agreement provided should be set up for their use, whereas no provision for interest was made in the said agreement, and that plaintiffs would not have entered into the agreement of settlement had they known that certain provisions of the will were invalid or that they might not receive six per cent from the trust fund, as provided for by the agreement.

Even if it be assumed that the decree admitting the will to probate in New Jersey is a valid and binding decree, nevertheless, in so far as the will disposes of real property situated in the State of New York, the law of this State governs, and the construction, validity and effect of the will must be determined thereunder. The general rule applicable is well stated in 32 Cyc. 674, as follows: " It is a principle firmly established that the law of the State wherein real estate is situated   *   *   *   controls and governs its descent and alienation; the construction, validity, and effect of wills and other conveyances thereof; and the capacity of the parties to such contracts or conveyances, and their rights thereunder. This rule is without exception, and it is not in the power of any State by any legislative act to prescribe the mode in which lands in another State may be disposed of or title thereto passed from one person to another."

In *Monypeny* v. *Monypeny* (202 N. Y. 90, 92) the court, through CULLEN, Ch. J., said: " The Code of Civil Procedure (§ 1866)* expressly authorizes an action to determine the validity and construction, or effect, under the laws of this State, of a testamentary disposition of· real property situated within it. There can be no question that, though the will was made in Ohio, its interpretation and effect, so far as it relates to the real property within this State, is to be determined by the courts of this State and that their decision is conclusive." (See, also, *Peck* v. *Cary*, 27 N. Y. 9.)

Under section 17 of the Decedent Estate Law (as amd. by. Laws of 1923, chap. 301) a question arises as to whether the will attempted to dispose of New York real estate in violation thereof. The respondents contend that any rights derived from the section of the aforesaid Decedent Estate Law may be waived, and contend that any such rights in the plaintiffs have been waived by the aforesaid settlement agreement. In so contending, however, the respondents overlook the fact that the validity of the very agreement upon which they rely as constituting a waiver is in issue.

---

*Now Decedent Estate Law, § 205, as added by Laws of 1920, chap. 919.— [REP.

In so far as it is contended that the validity of this agreement has been determined by the Special Term favorably to the respondents, it is sufficient to say that the pleadings create issues of fact which must await a trial. Rule 112 of the Rules of Civil Practice, providing for judgment on the pleadings, does not apply where issues of fact are raised by the pleadings. Rule 113 of the Rules of Civil Practice, providing for summary judgment, applies only to a debt or liquidated demand, whereas this is an action in partition. As was said in *Interstate Pulp & Paper Co.* v. *New York Tribune, No. 2* (207 App. Div. 453): " This is not an action for a debt or liquidated demand within the purview of rule 113, and for that reason the motion for summary judgment was properly denied. The motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice was properly denied, as the pleadings raise issues of fact which should be tried in the usual manner, and not determined upon affidavits."

If the motion be considered as a motion not under rule 113 for a summary judgment or under rule 112 for judgment on the pleadings, but under rule 104 of the Rules of Civil Practice to strike out the reply as sham, then no affidavits are permitted, since the only question to be determined under said rule is whether the answer or reply, upon its face, shows a colorable defense. ( *King Motor Sales Corporation* v. *Allen*, 209 App. Div. 281.)

Thus the defense of an agreement pleaded in the answer and the allegations attacking its validity in the reply, in and by themselves raise issues which must await a trial.

The respondents further rely on the fact that the executor has entered into a written contract providing for the sale of all except one parcel of the real estate, pursuant to a power of sale contained in the will, and contend that, therefore, there has been a conversion of such real property into personalty. The appellants, however, contend that the will itself gave to charity more than one-half of the estate, in contravention of the aforesaid section 17 of the Decedent Estate Law, being chapter 13 of the Consolidated Laws of 1909 (Laws of 1909, chap. 18, as amd. by Laws of 1923, chap. 301). If more than one-half of the estate was so given by the testator to charity (which is one of the issues to be tried), then the power of sale was a part of the effectuation of this prohibited result, and hence said contract of sale would be invalid in accordance with the authorities. In *Jones* v. *Kelly* (170 N. Y 401, 407) the court, in discussing a similar claim that the execution of a power of sale effected an equitable conversion of the real property into personalty, said: " But this claim assumes, necessarily, that the will, by valid provisions, commanded that all of the estate be

converted into personalty, the land of which the testator died intestate as well as the other. That he intended to have it all turned into cash there can be no doubt, but so too did he intend to give it all when so converted to the two charitable institutions, and the conversion was directed for that purpose; but his plan offended in part against the law of the State, and as to such part the legal result is the same as if he had not made any attempt to dispose of that part of his estate, for as to that he died intestate. His primary purpose was to divide the bulk of his estate between two charitable corporations, and his direction to sell the real estate and pay the proceeds over to such corporations in equal proportions was merely an incident to a proper division of the estate, a method selected by him for making those devises effectual. And in so far as his intention to dispose of his estate failed for want of power, it would seem to be a necessary and logical result that the character of the estate undisposed of would be unaffected by his futile attempt at its disposition."

It, therefore, follows that the contract for the sale of the realty relied on by the respondents is no defense upon this motion.

The respondents further contend that in any event the complaint was properly dismissed as to Eugene N. Lowe, as executor of Clara Josephine Lowe, the deceased widow of the testator. In this contention the respondents are correct. Said Clara Josephine Lowe, while alive, had only a right to have her dower admeasured. Upon her death, before such admeasurement, all her interest in the real property of her deceased husband ceased. In *Youngs* v. *Goodman* (240 N. Y. 470) it was said by POUND, J.: " The widow had filed her consent to receive a sum of money in lieu of dower and the only question was whether plaintiff at the time of her death was vested with the right to such sum which passed to her executors. It was held that the proceedings had reached such a stage before plaintiff's death as to vest in her such right. Here the wife made no election to take the fund set apart for her but allowed it to remain on deposit with the chamberlain until her death. She exercised no dominion over it. The money was ordered to be paid over to her but it was not paid. The rights and interests of the husband and wife are now fixed. Her right of dower terminated with her death. The wife could assert her right to the fund only during her life and when she took no proceedings to withdraw the fund the right thereto abated absolutely at her death."

It follows that the judgment and order appealed from should be modified by reversing the same in so far as they dismiss the complaint, except as to Eugene N. Lowe, as executor of the estate

of Clara Josephine Lowe, and as so modified affirmed, with costs to the appellants.

DOWLING, MERRELL, MCAVOY and MARTIN, JJ., concur.

Judgment and order modified by reversing the same in so far as they dismiss the complaint, except as to Eugene N. Lowe, as executor, etc., and as so modified affirmed, with costs to appellants. Settle order on notice. _____