MONICA REALTY CORPORATION, Respondent, *v.* LEON BLEECKER, Appellant, Impleaded with ONE TWENTY-TWO FIFTH AVENUE CORPORATION and Others, Defendants.

First Department, April 11, 1930.

*Theodore Arnold*, for the appellant.

*Edward A. Kole* of counsel [*Frank L. Cooke*, attorney], for the respondent.

O'MALLEY, J. This action is to foreclose a second mortgage covering premises on which the defendant, appellant, Bleecker, holds a third mortgage. The order appealed from has stricken from the amended answer of Bleecker three alleged separate and distinct defenses.

Upon the motion affidavits submitted on behalf of both parties were considered. The propriety of their use is questioned upon the ground that the nature of the motion, in so far as it was based upon rule 104 of the Rules of Civil Practice, prohibits their consideration.

The notice of motion was general and not directed to any specific part or parts of the answer. It was for an order striking out upon the ground that " the same is sham, frivolous, irrelevant and unnecessary, and will tend to prejudice, embarrass and delay the fair trial of the above-entitled action, and /or upon the further ground that the defenses interposed in said answer consisting of new matter are insufficient in law, and /or upon the further ground that the relief sought in the second defense set up in said answer is unenforceable under the provisions of the Statutes of Frauds, and /or for judgment on the pleadings and for such other, further and different relief as to this Court may seem just and proper."

Of the three defenses only the first was interposed as a counter-claim. The use of affidavits in connection with this would under proper circumstances be justified under rule 110 of the Rules of Civil Practice. However, none of the subdivisions of such rule are here applicable. Affidavits were clearly improperly used, of course, in so far as the motion was based upon the grounds of alleged insufficiency and for judgment on the pleadings. (See Rules Civ. Prac. rules 109, 112.)

The question remains whether affidavits were properly received so far as the motion was based upon the ground that the answer was sham and frivolous. The plaintiff practically concedes that

affidavits would be improper in so far as the motion was based upon frivolity, but maintains that a contrary rule obtains where the basis of the motion is a sham pleading.

This court has recently thrice stated that affidavits should not be used upon a motion made under rule 104 to strike out a pleading as sham. (*Lowe* v. *Plainfield Trust Co.*, 216 App. Div. 72; *Levan* v. *American Safety Table Co., Inc.*, 222 id. 110; *Reed* v. *Neu-Pro Construction Corporation*, 226 id. 70.)

Rule 104 of the Rules of Civil Practice, in so far as it relates to sham pleadings, had its derivation in section 538 of the Code of Civil Procedure. It is true that authorities such as *Kay* v. *Whittaker* (44 N. Y. 565) justified the use of affidavits under this section and its antecedent section 152 of the Code of Procedure. But even then their use was confined to exceptional circumstances. (*Albany County Bank* v. *Rider*, 74 Hun, 349; *McCarty* v. *O'Donnell*, 7 Robt. 431.) It was academic under the Code of Civil Procedure that an answer raising the general issue could not be stricken out as sham. (*Robertson* v. *Rockland Cemetery Imp. Co.*, 54 App. Div. 191.) This rule was one of the reasons for the enactment of present rules 113 and 114 of the Rules of Civil Practice.

If a general issue created by a direct denial alone could not be stricken out as sham, how much less should an affirmative defense which not only denies in form the allegations of a complaint, but specifically pleads facts which if true would raise technical and formal issues. Particularly should this not be where the allegations of the affirmative defense are made as matter of direct knowledge, as in the present case, and not upon information and belief.

The present motion is not one that may be considered as having been made under rule 113. There are no exceptional circumstances exhibiting obvious falsity in the defenses and no fact appears outside of affidavits tending to show such falsity or indicating bad faith. So far as rule 104 of the Rules of Civil Practice is concerned, therefore, we adhere to our previously announced views in *Lowe* v. *Plainfield Trust Co. (supra)*; *Levan* v. *American Safety Table Co., Inc. (supra)* and *Reed* v. *Neu-Pro Construction Corporation (supra)*. The defenses must, therefore, be considered only in the light of facts alleged upon the face thereof.

The first defense (pleaded also as a counterclaim) is to the effect that one Sharum was and is president and through direct and indirect ownership of such corporations, had and still has the acting exclusive ownership and control of two corporations known as the One Twenty-two Fifth Avenue Corporation and Express Realty Corporation, respectively; that the mortgage here sought to be foreclosed was a purchase-money mortgage received by the Express

Realty Corporation on January 4, 1927, but which had been assigned without consideration to one Mayhew acting in collusion with Sharum; that Mayhew thereafter also collusively, and without consideration, assigned the said bond and mortgage to the plaintiff for the purposes of instituting this suit and that Sharum is also by direct and indirect ownership of stock, in exclusive ownership and control of the plaintiff.

It is further pleaded that while the title was still in One Twenty-two Fifth Avenue Corporation as above set forth, Sharum was the equitable owner; that on or about December 23, 1928, the defendant One Twenty-two Fifth Avenue Corporation purchased and is still seized of the premises covered by these mortgages, at which time the mortgage sought to be foreclosed by the plaintiff was held by the Express Realty Corporation; that at these times by virtue of ownership and control, the said Sharum was the equitable owner of the mortgage upon which this suit is based and also the equitable owner of the premises upon which it is claimed to be a lien; that in taking title to the fee in the name of the One Twenty-two Fifth Avenue Corporation, he did so with the intention and purpose of protecting and securing his interest by virtue of the mortgage now in suit and then held by him in the name of the Express Realty Corporation, and also with the intention and purpose that his interest in such premises by virtue of said mortgage, should merge with the legal title to said premises so conveyed, and that in law and in fact the equitable title under the mortgage in suit and the equitable title to the fee became vested in Sharum on December 23, 1928; that this plaintiff was formed a few days prior to the commencement of this action and that it received purported title to the mortgage as above set forth to act as the agent of Sharum and for the collusive and fraudulent purpose of attempting to avoid the legal effect of the merger of the mortgage in suit and the fee of the premises.

It is true that mere ownership of all the stock of a corporation, or of a controlling interest, does not destroy the separate entity of the corporation. Giving this pleading every fair intendment, however, it must be considered that the corporations so controlled by Sharum were merely dummies and used by him as a cloak and device. If fully substantiated upon a trial it well might be that these allegations would justify a court of equity in considering Sharum as being one and the same with the corporations. In this aspect of the pleadings and upon the other allegations thereof, it would be a question of fact as to whether a merger of the fee and the equitable title under the mortgage was intended by Sharum.

It is to be noted, however, that in the circumstances here dis-

closed the intention of any such merger is rendered highly improbable for the reason that such a result would wipe out the plaintiff's prior lien and advance that of the appellant as well as that of the fourth mortgagee to the detriment of the one in whom this appellant claims the legal title should rightly be adjudicated. Certainly it would seem that neither equity nor justice would require such a result; nor is it probable that the fiction of the corporate entities will be disregarded in each and every instance. However, we are here dealing with a question of pleading merely and in form, at least, the first defense is sufficient.

The second separate defense reiterates by reference, all the paragraphs of the first. It further alleges that on or about October 28, 1927, an action was duly instituted in this court to foreclose the third mortgage held by the defendant Bleecker; that on or about February 1, 1929, and prior and subsequent thereto, in consideration of the holding in abeyance the prosecution of said foreclosure action, the Express Realty Corporation and the One Twenty-two Fifth Avenue Corporation, by their president, Sharum, agreed to subordinate the mortgage here in suit to the mortgage held by said defendant, and promised and agreed to apply from time to time such income as would become available out of the rentals received from the mortgaged premises, towards the liquidation of the indebtedness due under the mortgage held by said defendant, and that they further promised and agreed not to institute any foreclosure or other action for the enforcement of the mortgage now in suit; that said defendant has performed all conditions to be performed on his part, but that the plaintiff, acting as agent in behalf of the Express Realty Corporation, the One Twenty-two Fifth Avenue Corporation and Sharum, has breached and repudiated the agreement above set forth by the commencement of this action. It is then alleged that by reason of the premises, plaintiff is estopped from maintaining and prosecuting this action.

As already noted, affidavits may not be used upon this motion. The ground assigned at Special Term predicated upon facts found in such affidavits is, therefore, untenable. This defense furthermore is not insufficient because of the Statute of Frauds. (See Real Prop. Law, § 242.) The defendant is in a court of equity and the Statute of Frauds may not be used to perpetrate a fraud. If the facts as pleaded are proved upon the trial it well may be that the plaintiff will be estopped from availing itself of the statute.

The third defense reiterates by reference most of the allegations of the first two defenses, and further pleads that the plaintiff, the One Twenty-two Fifth Avenue Corporation, the Express Realty Corporation, Sharum and others, "conspired to defraud this

answering defendant and to wipe out his lien under his said mortgage in said premises, and that this foreclosure action was instituted by plaintiff pursuant to said conspiracy and scheme to defraud this answering defendant." We are of opinion that this defense is insufficient when considered, as it must be, in the light of an alleged conspiracy. While the facts of the first and second defenses are reiterated, it is nowhere stated that all of the acts complained of were in furtherance of any conspiracy. It is merely alleged that this foreclosure action was instituted pursuant to a conspiracy to defraud. The allegations are too conclusory and fail to contain sufficient allegations of ultimate facts to sustain it.

It follows, therefore, that the order in so far as appealed from should be modified by granting the motion to strike out the third defense only, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order so far as appealed from modified by granting motion to strike out the third defense only, and as so modified affirmed, with ten dollars costs and disbursements to the appellant.