## Koehler Partition Case.
## Almira Home Appeal.

Argued September 28, 1948. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*C. E. Brockway,* with him *William B. Nicol, J. Glenn Berry, Norman A. Martin, Cobau & Berry* and *Brockway, McKay & Brockway,* for appellants.

*Alvah M. Shumaker,* with him *Stranahan & Sampson* and *T. A. Sampson,* for appellees.

OPINION BY MR. JUSTICE LINN, November 8, 1948:

These appeals are from an orphans' court decree in partition of a lot, 20 by 90 feet, containing a two story business building and known as 109 East State Street, Sharon, Mercer County, Pennsylvania. The land was owned by John Koehler, who, at the time of his death January 10, 1947, was domiciled in the State of Ohio where his will has been probated. The parties agree and therefore we assume that his will is valid by the law of Ohio. At the time of his death he owned personal property in Ohio and the real property in Sharon, Pennsylvania. He directed his executor to sell all his property except what was given in items III and V of his will and what was already invested in government bonds. He gave his residuary estate to a trustee to pay the income to the appellant charity, subject to the payment of one-half the income to Michael Molnar for life.[1] He died within

---

[1] "Item VI. All the rest, residue and remainder of my estate, real, personal or mixed, of every kind and description, wheresoever situate, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath to the Union Trust Company of New Castle, New Castle, Pennsylvania, in trust, however, to hold, manage and control and to invest and re-invest the same in U. S. Government Bonds and to pay the income therefrom as follows: One-half of said income to be paid semi-annually to the aforesaid Michael Molnar, Jr., during his natural lifetime; One-half of said income to be paid semi-annually to the Almira Home of New Castle, New Castle, Pennsylvania, during the lifetime of the aforesaid Michael Molnar, Jr.; upon the death of said Michael Molnar, Jr., said trust shall continue and thereafter all of said income shall be paid semi-annually to the aforesaid, the Almira Home of New Castle, New Castle, Pennsylvania. The aforesaid trust shall be known as the 'John C. Koehler Fund.'

thirty days after executing his will. At that time the law of Pennsylvania provided that a will executed within that period could pass "No estate, real or personal . . . to any person in trust for . . . charitable uses . . ." [Section 6,[2] Wills Act of 1917, P. L. 403, 20 PS 195; *Moore v. Gilbert*, 287 Pa. 102, 134 A. 462 (1926)] and that "all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law." Testator's heirs therefore claimed the real estate in Sharon subject to Molnar's life interest in one-half the income and brought this proceeding in partition in the Orphans' Court of Mercer County on September 8, 1947. A citation was issued to Michael Molnar, Jr., legatee; to William B. Nicol, executor appointed in Item VII of testator's will; to the Almira Home, and to the Union Trust Company of New Castle, trustee appointed in Item VI of testator's will. Answers were filed. The case was heard by Judge Rowley, who awarded partition and, pursuant to waivers filed by petitioners, appointed a trustee to sell the real estate as provided in the Orphans' Court Partition Act of 1917, P. L. 337, 20 PS 1181 et seq., the decree directing that Molnar's rights "as life tenant shall be preserved and protected as provided in the Orphans' Court Partition Act of 1917."

---

"Item VII. I hereby make, nominate, constitute and appoint William B. Nicol, attorney at law of Cleveland, Ohio, to be the executor of this My Last Will and Testament. I hereby direct, order, authorize and empower my said executor to sell and convert my entire real and personal estate, except the specific bequests enumerated in Item V and except such U. S. Government Bonds as I may own at the time of my death, into cash; hereby authorizing and empowering my said executor to sell for cash at private or public sale at such prices as he may deem best, the whole or any part of my real or personal property (except bequests in Item V and the aforesaid U. S. Government Bonds) and to execute, acknowledge and deliver deeds and other proper instruments of conveyance thereof to the purchaser or purchasers."

[2] Superseded by the Wills Act of 1947, P. L. 89, section 7, P. L. 92, 20 PS 180.7(1), effective January 1, 1948.

The appeals are based on the contention that testator's direction to sell the land converted it into personalty, distributable at the place of his domicile in Ohio, with the result that he left no land in Pennsylvania to to be partitioned.

The effect of testamentary language disposing of land in Pennsylvania must be determined by the law of Pennsylvania: Restatement, Conflict of Laws, sec. 249; 2 Beale, Conflict of Laws, sec. 249.1; see *Pepper's Estate*, 148 Pa. 5, 23 A. 1039 (1892); and Judge GEST'S opinion in *Paul's Estate*, 26 Dist. Rep. 1011 (1917). In comment (c) to section 249, Restatement, Conflict of Laws, it is said, "A will of an interest in land is governed by the law of the state where the land is in spite of a direction in the will to convert the land into personalty." [3] The restrictions imposed by the Wills Act prevented the passing to the charity of the title to the Sharon property, whether considered as real or personal, and passed it as land to testator's heirs. The learned court held that the heirs took the land subject to Molnar's life interest in half the income; that Molnar, a party, could elect to receive, in this proceeding, his life interest in the income, as provided in Section 31 of the Orphans' Court Partition Act of 1917, P. L. 337, 20 PS 1365. Molnar has not appealed from the decree.

It must be agreed that if the land had been devised direct to the appellant charity the devise would have been void under the Wills Act (*Moore v. Gilbert, supra.*); appellant has not suggested any good reason for a dif-

---

[3] On this subject, see generally, 2 Beale, Conflict of Laws, sec. 251.4; *Luffberry's Appeal*, 125 Pa. 513, 17 A. 447 (1889); *Lowe v. Plainfield Trust Co.*, 216 App. Div. 72, 215 N. Y. S. 50 (1926); *Jenkins v. The Guarantee Trust and Safe Deposit Co.*, 53 N. J. Eq. 194, 32 A. 208 (1895); *Greely v. Houston*, 148 Miss. 799, 114 So. 740 (1927); *Norris v. Loyd*, 183 Iowa 1056, 168 N. W. 557 (1918); *Lucas v. Tucker*, 17 Ind. 41 (1861); *Fidelity Union Tr. Co. v. Ackerman*, 123 N. J. Eq. 556, 199 A. 379 (1938); *Equitable Trust Co. v. Ward*, Del. Ch., 48 A. 2d 519 (1946); *In re Berchtold* (1923), 1 Ch. 192.

ferent construction of the Act where the testator directs the land to be sold and the proceeds or the income from the proceeds to be given to the charity. As testator's will gave the appellant charity no interest in his Pennsylvania real estate and as Molnar has not challenged the decree by appeal, it is unnecessary to deal with questions concerning conversion suggested in the argument.

Decree affirmed at appellants' costs.