Eva Shortell, Respondent, *v.* Milton Goldsmith, Appellant, and Another, Defendant.

Supreme Court, Appellate Term, Second Department, October, 1929.

*Charles S. Day,* for the appellant.

*Charles S. Golden,* for the respondent.

Per Curiam. Judgment against the plaintiff and in favor of the defendant Bender and order denying plaintiff's motion for a new trial unanimously reversed upon the law, and new trial granted as to that defendant, with thirty dollars costs to plaintiff to abide the event. Judgment against defendant Goldsmith and in favor of the plaintiff unanimously reversed upon the law, with thirty dollars costs to Goldsmith, and complaint dismissed as to him, with appropriate costs in the court below.

Defendant Goldsmith's automobile was being operated by defendant Bender at the time of the accident. Goldsmith was not in it. The only basis upon which Goldsmith could have been held liable was that Bender was negligent. Therefore, no verdict could have been properly found against Goldsmith, unless it was also found against Bender, and the trial court so charged. Notwithstanding, the jury found in favor of Bender and against Goldsmith. Such a verdict is inconsistent and cannot stand. (*Pangburn* v. *Buick Motor Co.,* 211 N. Y. 228.)

While plaintiff established a *prima facie* case as against Goldsmith by proving that he owned the automobile that Bender was driving, the proof introduced by the defendant showed that Goldsmith's car was being used without his knowledge or consent, and not for any

purpose of his. There was no contradiction of this testimony, nor were the defendant's witnesses in any way discredited. The complaint as to Goldsmith, therefore, should have been dismissed. (*Der Ohannessian* v. *Elliott*, 233 N. Y. 326; *Fluegel* v. *Coudert*, 244 id. 393.)

All concur; present, CROPSEY and LEWIS, JJ.