KENNETH HALL, Plaintiff, *v.* FRED HILL, Defendant.

Supreme Court, Jefferson County, February 19, 1936.

342

*E. H. Bennett,* for the plaintiff, for the motion.

*Melvin F. Kinkley,* for the defendant, opposed.

SMITH (E. N.), J. The plaintiff brings this action to recover damages from the defendant on account of the latter's alleged negligence in cutting the plaintiff's leg with an axe.

The answer, after a denial of any negligence, alleges: '' That at the time of the injury sustained by the plaintiff set forth in the plaintiff's complaint he was in the employ of one Harold Edmonds, engaged in cutting wood for said Harold Edmonds, and the said Harold Edmonds was engaged in the lumbering or wood business for profit exclusively, and the defendant at the time was in the employ of said Harold Edmonds engaged in said enterprise, and, under the laws of the State of New York pertaining to such employment, the plaintiff's only and exclusive remedy for any injury so sustained by him is under and pursuant to the Workmen's Compensation Act, and that the plaintiff has no cause of action under said Act against any third party.''

It is this paragraph to which the plaintiff's motion is addressed.

Prior to the enactment of the Workmen's Compensation Law an employee injured in the course of his employment had no right of action against his employer where the injury was caused by the negligence of a coemployee; the risk of such negligence was assumed by the employee; the injured employee, however, in the absence of negligence on the part of a coemployee causing the injury, had a right of action against the employer on account of any negligence on his part, provided he himself was not guilty of any negligence

contributing to the accident causing the injury; he also of course had his right of action against his coemployee on account of the negligence of the latter causing the accident.

With the enactment of the Workmen's Compensation Law the situation was materially changed. Section 10 thereof, so far as applicable here, provides: " Every employer subject to this chapter shall * * * secure compensation to his employees and pay or provide compensation for their disability * * * from injury arising out of and in the course of the employment, without regard to fault as a cause of the injury."

Section 11 thereof provides: " The liability of an employer * * * shall be *exclusive and in place of any other liability whatsoever, to such employee* * * * at common law or otherwise on account of such injury, * * * except that if an employer fail to secure the payment of compensation for his injured employees * * * as provided in * * * this chapter, an injured employee * * * may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury; and in such an action it shall not be necessary to plead or prove freedom from contributory negligence nor may the defendant plead as a defense that the injury was caused by the negligence of a fellow servant nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee." The effect of this provision was to give the employee of an employer whose business was within the scope of the Workmen's Compensation Law, where the employer carried no compensation insurance, two alternative remedies: (1) To recover the amount provided for in the Workmen's Compensation Law for the particular type of injury suffered, or (2) to recover generally for damages actually suffered, contributory negligence and assumed risk being eliminated as defenses to the employer.

Section 29 of said law, as originally enacted, provided for subrogation to remedies of employees in the event that the injury was caused by the negligence of another person *not in the same employ*, provided the injury was sustained while the employee was in the course of his employment. So far as applicable here, it provides: " If an employee entitled to compensation under this chapter be injured * * * by the negligence * * * of another *not in the same employ*, such injured employee * * * shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. * * * If such injured employee * * * elect to take compensation under this chapter, the awarding of compensa-

tion shall operate as an assignment of the cause of action against such other to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation." It is obvious that this applied only to cases where the injury was caused by the negligence of a third party, that is, one not in the same employ as the injured party. If there was workmen's compensation insurance and the injured party elected to take compensation, or if an employer was uninsured, the award of compensation operated as an assignment to the insurance carrier or the employer carrying no insurance of the rights of the injured employee against such third party.

The injured employee, under section 11 (*supra*), where the employment was such as to be within the classifications thereof under the Workmen's Compensation Law, has no cause of action against his employer; the employer's liability is confined exclusively to the compensation provided for in the Workmen's Compensation Law.

Section 29 did not provide for election by the employee in a case where the injury was due to the negligence of a coemployee, and there was no duty imposed upon an injured employee to elect whether to take compensation under the law or to pursue the coemployee; so that an injured employee could take compensation from his employer and then also pursue his remedy against his coemployee; nor was there any subrogation of the employer or his insurance carrier to the employee's rights against his coemployee. (*Judson* v. *Fielding*, 227 App. Div. 430.)

Such was the situation until the enactment of chapter 695 of the Laws of 1934, which added a new paragraph to section 29. It will be noted that this section is exclusively devoted to the subject of subrogation and assignment to the employer or his insurance carrier of the employee's right of action against *a third party*. This new paragraph reads as follows: " The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ." This additional paragraph should be interpreted in the light of the circumstances and the legal status before its enactment. One of the circumstances is that it is a part of the section devoted to the subject of subrogation; another circumstance is the use of the word " exclusive " in this section. Prior to the enactment of the provision, there was no exclusion of the right of action of the injured employee against a negligent coemployee; two remedies coexisted: (1) To recover under the Workmen's Compensation Law, and (2)

to recover against his negligent coemployee. This created an unfair situation, because it allowed double compensation for the same injury. This was an evil which this amendment sought to correct.

My attention has been called to only one case where this amendment has been considered in the courts. In *Liston* v. *Hicks* (243 App. Div. 160) an employee (the plaintiff) had been awarded compensation for injuries sustained in the month of November, 1931, through the negligence of a coemployee, and the former sought to recover against his coemployee on account of the latter's negligence; he repaid the insurance carrier the amount that he had received by way of compensation and brought this action against his coemployee. The answer set up, as a separate defense, that the plaintiff was not the real party in interest, and that he had elected to take compensation pursuant to the provisions of the Workmen's Compensation Law, and consequently was not entitled to maintain this action. The trial justice sustained a motion to dismiss the complaint. The Appellate Division, after citing the provisions of said section 29, said: " In this case we think it quite immaterial whether or not the parties are to be regarded as coemployees. * * * If they were coemployees, then appellant was not called upon to make any election. (*Judson* v. *Fielding*, 227 App. Div. 430; affd., 253 N. Y. 596.) The rule of law announced in that case has been abrogated by the amendment to section 29 of the Workmen's Compensation Law by chapter 695 of the Laws of 1934. Under that amendment compensation is the exclusive remedy of an employee * * * injured by the negligence or wrong of another in the same employ." The Appellate Division reversed the trial court, holding, *first*, that in case it was an action against a coemployee there was no duty to elect, and, *second*, that if it was an action against a third party there was no real selection, because of the ignorance of the plaintiff of his right of action against the third party; and that, where there was a duty to elect, there must be knowledge, on the part of the person whose duty it was to elect, of his right to elect.

Certainly one effect of this amendment was to force an election in the case of injuries caused by the negligence of a coemployee, to the same extent that the law provided for such election in case of injuries caused by the negligence of a third party. To that extent, and to that extent only, am I willing now to interpret the use of the word " exclusive " in this amendment.

Section 11, *supra*, provides that " the liability of an employer * * * shall be exclusive * * * to such employee." And yet section 29 provided for the right to sue a third party instead of taking compensation under the Workmen's Compensation Law.

So we have this language in this amendment: " The right to compensation (that is, the right of the employee) * * * shall be the exclusive remedy * * * when such employee is injured by the negligence or wrong of another in the same employ."

I do not think that it was the purpose of the Legislature to do a thing so obviously against public policy as to exempt a negligent employee doing injury to his coemployee from all liability either to the employer or to his coemployee. If such be the interpretation, it puts a premium upon carelessness or even willful misconduct. The more reasonable interpretation of this section is this: that it is to be read as a component part of section 29, and that its intent is to place an employee injured by the negligence of a coemployee in the same position as he is where the injury is caused by the negligence of a " third party; " in other words, he must elect whether to take compensation or not; it is unnecessary here to decide whether or not, if he elects to take and is awarded compensation, such election operates as an assignment to the employer or his insurance carrier of his cause of action against his coemployee; if he pursues his remedy against another, without making the election, he waives all rights to compensation under the chapter and he loses his remedy against his employer thereunder; if he elect, under the act, to pursue a third party, then the employer or his insurance carrier is liable only for any deficiency between the amount of the judgment recovered against a third party and the amount the employee was entitled to under compensation.

So here I think the word " exclusive " means that if an injured party chooses to sue his coemployee he has a right to do so; but if the employment is within the scope of the Workmen's Compensation Law, by so doing, without the election provided for in section 29, he loses his remedy against his employer because, as against the latter, the remedy under the Workmen's Compensation Law is his exclusive remedy.

It should be noted that there are no facts alleged in the answer from which it can be determined, if true, whether or not the employment was one covered by the Workmen's Compensation Law. The defendant should not allege a conclusion; and he has not even properly alleged that, if such an allegation be permissible.

The motion should be granted, on the ground that, even if the allegation was properly made, which it was not, it constitutes no defense to the action brought by the plaintiff.

Ordered accordingly. Ten dollars costs.