VITO ABBONDONDOLO, Respondent, v. WALLACE MEALING, Defendant, and THEODORE BOND, Appellant.— Judgment reversed on the law and a new trial granted, costs to abide the event. It appears that the plaintiff and the defendant-appellant were coemployees and that at the time of the accident they were engaged in their common employment. In his answer as amended at the trial the defendant alleged as a separate defense that if the accident happened it arose out of and in the course of the appealing defendant's common employment with plaintiff; that the town had duly complied with the provisions of the Compensation Law by securing to its employees workmen's compensation, and that the exclusive remedy to the plaintiff, so far as that defendant is concerned, is under the Compensation Law. The court struck out that separate defense. In our opinion this was error. Under the amendment to section 29 of the Workmen's Compensation Law, by chapter 695 of the Laws of 1934, compensation is the exclusive remedy of an employee, or, in case of death, his dependents, when such employee is killed or injured by the negligence or wrong of another in the same employ. The question whether the parties were fellow-employees may be litigated on the new trial under the defense. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

DANIEL P. BRAZELL, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION and FRED BETTENHAUSER, Appellants.— The plaintiff was struck by the trolley car of the defendant corporation, operated by the individual defendant, as plaintiff was crossing the street. He had a verdict for personal injuries based on the negligence of the defendants and the plaintiff's freedom from contributory negligence. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.

JOHN T. CASTLE, Appellant, v. FIRE ISLAND HOLDING CORPORATION, Respondent.— In an action to rescind contracts of purchase and sale of real property and to recover the moneys paid thereon, the plaintiff appeals from (1) the order denying plaintiff's motion for summary judgment; (2) the resettled order granting defendant's cross-motion for summary judgment; and (3) the judgment dismissing the complaint and granting judgment in favor of defendant on its counterclaim for the unpaid balance of the purchase price. The judgment and orders from which appeals are taken are affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Davis and Adel, JJ., concur; Lazansky, P. J., dissents on the ground that the defendant was not entitled to recover on its counterclaim, having itself been in default.