WILLIE MELMOTH BOMAR, Respondent, *v.* DAVID PASINSKY and BENKRES ESTATES, INC., Appellants.

First Department, June 10, 1938.

*Abraham B. Hertz* of counsel [*Nathan H. Herman* with him on the brief], for the appellant Benkres Estates, Inc.

*Hyman Herman,* for the appellant David Pasinsky.

*Henry Simon* of counsel [*David Batt,* attorney], for the respondent.

O'MALLEY, J. The plaintiff's motion to strike out the first and second separate and distinct defenses in the answers of the defendants and the supporting affidavit of her counsel were based on the ground that the defenses were " insufficient in law." This was tantamount to a motion addressed to the pleading for insufficiency or a motion made on the pleadings. On such a motion affidavits may not be used, save as specifically authorized by the rules. Rule 110 of the Rules of Civil Practice had no application since that permits the use of affidavits in the case of answer attacked for insufficiency only with respect to a counterclaim.

The learned Special Term, however, stated that in granting the motion it was considered as having been made under rule 103 of the Rules of Civil Practice to strike out the defenses as sham and frivolous. Affidavits, however, may not be used to strike out as sham and frivolous defenses alleged as matter of direct

knowledge and coupled with denials. (*Monica Realty Corporation* v. *Bleecker*, 229 App. Div. 184; *Fleischer* v. *Terker*, 259 N. Y. 60, 63.) Whether under the affidavits presented the defenses were good, we do not decide. We hold merely that under the notice of motion as made and under the rule relied upon by Special Term, affidavits should not be considered.

Since on the face thereof the defenses were good, it was error to grant the motion to strike them out for insufficiency or as being sham and frivolous.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied.

Martin, P. J., Townley, Cohn and Callahan, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.