of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting him of a violation of section 982 of the Penal Law, the defendant appeals. Judgment unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

Joseph Rodgers, an Infant, by Eugene Rodgers, His Guardian ad Litem, and Eugene Rodgers, Appellants, v. Thomas Ward, Respondent, and Arthur Kimball, Defendant. (Appeal No. 1.) — The order under review grants defendant's motion to vacate his default in answering, fixes the date of issue as of the 29th day of June, 1938, and grants the defendant leave to serve his answer and demand for a change of venue within ten days after service of a copy of the said order with notice of entry thereof and to serve a notice of motion for change of venue within the statutory period after such service of said demand. Plaintiffs appeal from so much thereof as permits the defendant to serve a demand for change of venue with his answer and to serve a notice of motion for change of venue within the statutory period after such service of demand and which directs that the joinder of issue shall be deemed as of June 29, 1938. Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

Joseph Rodgers, an Infant, by Eugene Rodgers, His Guardian ad Litem, and Eugene Rodgers, Appellants, v. Thomas Ward, Respondent, and Arthur Kimball, Defendant. (Appeal No. 2.) — Order denying plaintiffs' motion to strike out the separate defense contained in the answer of defendant Ward affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur. [169 Misc. 559.]

Otto Weigl, Appellant, v. William F. Carey, as Commissioner of the Department of Sanitation of the City of New York, and The City of New York, Respondents.— Action to enjoin the carrying out of a garbage dumping plan and for incidental relief. Order, in so far as it dismisses the complaint and the judgment entered thereon, reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs; defendants to answer within ten days from the entry of the order hereon. Although the complaint contains much irrelevant matter which may be treated as surplusage it contains allegations that a plan of the character described therein has been adopted by the defendants and is being carried out or is about to be carried out to the detriment of and invasion of the private rights of the plaintiff. Whether or not that which is alleged in the complaint is the fact may not be determined except upon a trial. The complaint, apparently drawn in haste, is somewhat inept, but it is sufficient as a matter of mere pleading. ( Kobbe v. Village of New Brighton, 23 App. Div. 243; O'Brien v. Town of Greenburgh, 239 id. 555; Cogswell v. N. Y., N. H. & H. R. R. Co., 103 N. Y. 10.) Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.

Mario Zambardi, Jr., an Infant under the Age of Fourteen Years, by Mario Zambardi, Sr., His Guardian ad Litem, and Mario Zambardi, Sr., Respondents, v. South Brooklyn Railway Company, Appellant.— In an action brought to recover for personal injuries sustained by the infant plaintiff while he was crossing the defendant's right of way at a place which was not a public crossing, and, because of defendant's alleged negligence, was struck by a trolley car of the defendant operated thereon, judgment in favor of plaintiffs against defendant, entered upon