SYLVIA J. FELLOWS, Plaintiff, *v.* ARTHUR SEYMOUR, Defendant.

Supreme Court, Onondaga County, July 22, 1939.

*Stone, Marvin & Hand,* for the plaintiff.

*Hancock, Dorr, Ryan & Shove,* for the defendant.

CREGG, J. This is a motion to dismiss the complaint on the ground that plaintiff's sole remedy is against her employer under the provisions of the Workmen's Compensation Law.

On January 24, 1939, the plaintiff was a student nurse in the City Isolation Hospital of Schenectady, N. Y. She received as compensation for services rendered by her, board, room and education. She was an employee of the city. (*Matter of Nelson* v. *St. Francis Hospital,* 249 App. Div. 910.) The defendant was employed by the city as an orderly and one of his duties was to drive the city ambulance. On the occasion in question, plaintiff was riding in the ambulance on her way to assist incoming patients. Plaintiff and defendant were co-employees of the city of Schenectady, both engaged in the performance of their duties at the time of the accident.

Plaintiff claims that she was injured on account of negligence on the part of the defendant and has brought this action to recover damages against him. The defendant moves to dismiss the complaint on the grounds that plaintiff's sole remedy is compensation against her employer, to wit, the city of Schenectady, under the provisions of section 29 of the Workmen's Compensation Law, which reads as follows: " The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

I do not believe there can be any doubt of the meaning of the word " exclusive " as used in this statute. It means just what the

word implies. In the case of *Vicksburg* v. *Waterworks Co.* (202 U. S. 453) the court said at page 471: " If we turn to the Century Dictionary we find it (exclusive) defined to mean, ' Appertaining to the subject alone; not including, admitting or pertaining to any other or others; undivided; sole; as an exclusive right or privilege; exclusive jurisdiction.' We think, therefore, it requires no resort to implication or intendment in order to give a construction."

It is clear, therefore, that the Legislature by the act in question intended to take away from an employee the right to sue a co-employee injured through the negligence or wrong of the other employee. If the law is constitutional the defendant is entitled to a dismissal of the complaint. It will be noted, however, that the law takes away from the plaintiff her common law right to sue the co-employee who injured her. Does such statute violate the provisions of the State or Federal Constitution?

It has been held that the Legislature has no authority to abrogate the right of action for injuries or death resulting from negligence or other wrongful act except by supplying a new form of compensation. (*Warren* v. *Morris Dry Dock Co.,* 235 N. Y. 445–448.)

It has also been held by the courts of this State and the United States Supreme Court that legislation which impairs the obligations of contracts or otherwise deprives persons of property rights can be sustained only when enacted for the promotion of the general good, the protection of lives, health, morals, comfort and general welfare of the people, and when the means adopted to secure that end are reasonable. (*Matter of People [Title & Mortgage Guar. Co.],* 264 N. Y. 69, 84; *Home Building & Loan Assn.* v. *Blaisdell,* 290 U. S. 398.)

I appreciate that the Legislature is primarily the judge of whether or not such legislation is reasonable. (*Matter of Stubbe* v. *Adamson,* 220 N. Y. 459.) I also appreciate that to justify the court in declaring a statute invalid the conflict between the act and the Constitution must be clear and certain and that every presumption favors the validity of the statute. (*Gardner* v. *Ginther,* 232 App. Div. 296; affd., 257 N. Y. 578.) The courts, however, must be able to discern that there is a reasonable basis for the Legislature's findings and that its action has a real and substantial relation to the public welfare before such statute can be held to be constitutional. (*Jacobson* v. *Massachusetts,* 197 U. S. 11; *O'Gorman & Young, Inc.,* v. *Hartford Ins. Co.,* 282 U. S. 251.)

In the case of *Meese* v. *Northern Pacific R. Co.* (206 Fed. 223), which involved the validity of the Workmen's Compensation Act of Washington, it was held that the purpose of the act was not merely to end controversies between employers and employees in

respect of injuries to the latter, but to end all suits at law for the injury or death of employees while engaged in certain occupations, no matter by whom injured or killed. The Circuit Court of Appeals (211 Fed. 254) reversed that decision. The United States Supreme Court (239 U. S. 614, 619), reversing the Circuit Court of Appeals, held that in enacting the statute the Legislature declared it to be the policy of the State that every hazardous industry within the purview of the act should bear the burden arising out of injuries to its employees; and that it was the further policy of the State to do away with the recognized evils attaching to the remedies under existing forms of law and to substitute new remedies that should be ample, full and complete, reaching every injury sustained by any workman while employed in any such occupation regardless of the cause of the injury or the negligence to which it might be attributed. That in so doing the legislative mind was intent upon the abolishment of all causes of action that may have theretofore existed irrespective of the person in favor of whom or against whom such right might have existed. The court also held that such statute was not in conflict with the equal protection clause of the 14th Amendment to the United States Constitution, citing with approval *Peet* v. *Mills* (76 Wash. 437; 136 P. 685).

In the case of *Perry* v. *Beverage* (121 Wash. 652; 209 P. 1102) it was held that a workman's action against an employer and his foreman for injuries sustained in an assault by the latter was barred by the Workmen's Compensation Act.

The statute in question deprives the plaintiff of her common-law cause of action against the defendant but it establishes another remedy in its place, to wit, the right of compensation against her employer. In the case of *New York Central R. R. Co.* v. *White* (243 U. S. 188) the court while construing generally the validity of the Workmen's Compensation Act of this State, said on page 205:

" Viewing the entire matter, it cannot be pronounced arbitrary and unreasonable for the State to impose upon the employer the absolute duty of making a moderate and definite compensation in money to every disabled employee, or in case of his death to those who were entitled to look to him for support, in lieu of the common-law liability confined to cases of negligence."

Again on page 206 it said:

" And we recognize that the legislation under review does measurably limit the freedom of employer and employee to agree respecting the terms of employment, and that it cannot be supported except on the ground that it is a reasonable exercise of the police power of the State. In our opinion it is fairly supportable upon that ground."

Plaintiff may not be able to recover as much as she would in an action at common law. Nevertheless, she is entitled to some compensation from her employer and has a certain and speedy remedy therefore without the difficulty of establishing negligence.

Plaintiff's complaint should be dismissed. Order may be entered accordingly.