MATILDA RIDER, Appellant, v. WILLIAM LANGO, Respondent.— Same decision and like cause of action as in companion case last above. Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

SYLVA J. FELLOWS, Appellant, v. ARTHUR SEYMOUR, Respondent.— Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event, and motion denied, without costs, with leave to the defendant to plead the facts used to support its motion in answer as a defense, and defendant is given ten days to answer after service of a copy of the order with notice of entry thereof. Memorandum: In order to determine that plaintiff's remedy is under the Workmen's Compensation Law, it should appear: 1. That the arrangement between the plaintiff and the city of Schenectady was such as to create the relation of employer and employee. 2. That the injuries sustained by plaintiff arose out of and in the course of her employment. The plaintiff disputes that she was an employee. The affidavits do not state what the agreement was between the plaintiff and the Crouse-Irving Hospital or between the Crouse-Irving Hospital and the Schenectady Hospital. The superintendent of the City Hospital, in which plaintiff was a student nurse, in her affidavit says that plaintiff when she was injured was on duty and on her way to get an incoming patient, under the supervision of an instructress. The plaintiff in her affidavit says that she was requested by the instructor of student nurses to accompany her to observe treatment and handling of patients suffering from contagious diseases. Further, that while riding in the ambulance she was pursuing her course of study and training in the observation of contagious diseases. There is thus a direct conflict between the parties upon a question of fact. There is nothing in the affidavits from which it may be determined which one is correct. Plaintiff is entitled to a trial of these issues. All concur. (The judgment dismisses the complaint in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ. [171 Misc. 833.]

GERTRUDE MORRILL, Appellant, v. FORREST A. DAYTON, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order sets aside the verdict of a jury in favor of plaintiff and grants a new trial in an automobile negligence action.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.