EMERY SCHWARTZ and Others, Plaintiffs, *v.* FORTY-SECOND STREET, MANHATTANVILLE & ST. NICHOLAS AVENUE RAILWAY COMPANY and HENRY KOHNE, Defendants.

Supreme Court, Special Term, New York County, September 17, 1940.

*Milton Gottlieb*, for the plaintiffs.

*Edward M. Fuller*, for the defendant Henry Kohne.

WALTER, J.   Plaintiffs allege that while riding in an automobile truck owned by defendant Kohne they sustained injuries in a collision between that truck and a trolley car owned and operated by the corporate defendant.   Such injuries, they further allege, were caused by the negligence of the defendants and their servants and employees in the operation of the truck and trolley car.   Defendant Kohne sets up as a first affirmative defense that, at the time of the collision, his truck was being operated by an employee of the employer of plaintiffs and all were engaged in the business of such employer and were acting within the scope of their employment, and that, by reason of section 29 of the Workmen's Compensation Law, no action lies against the owner of the truck.   Plaintiff moves to strike out that defense as insufficient in law.

Under the facts which upon this motion must be assumed to be true, it is plain that Kohne, the owner of the truck, is under no liability save that which is imposed upon him by section 59 of the Vehicle and Traffic Law, and that liability is solely a derivative liability for the negligence of the operator of the truck.   (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14; *Gochee* v. *Wagner*, 257 id. 344; *Psota* v. *Long Island R. R. Co.*, 246 id. 388.)

Plaintiffs thus are in the position of employees who have been injured " by the negligence or wrong of another in the same employ," and under subdivision 6 of section 29 of the Workmen's Compensation Law their " exclusive remedy " is the right to compensation or benefits under that law.   It has been expressly held that in view of subdivision 6 an injured employee cannot maintain an action against his coemployee (*Abbondondolo* v. *Mealing*, 249 App. Div. 818; *Behan* v. *Maleady*, Id. 912; *Liston* v. *Hicks*, 243 id. 159, 162; *Fellows* v. *Seymour*, 171 Misc. 833; revd. on another point, 259 App. Div. 966), and it logically follows that he cannot maintain one against another person whose sole liability derives from the negligence of a coemployee.   (*Good Health Dairy Products Corp.* v. *Emery, supra.*)   In fact, examination of the records in *Abbondondolo* v. *Mealing* and *Behan* v. *Maleady* (*supra*) shows that in each case the successful defendant was the owner as well as the operator of the automobile involved, but section 59 of the Vehicle and Traffic Law was not specifically invoked.

The case of *Van Wormer* v. *Arnold* (255 App. Div. 233) is plainly distinguishable in that subdivision 6 did not bar the plaintiffs who were there suing.   *Hall* v. *Hill* (158 Misc. 341) was decided before *Abbondondolo* v. *Mealing* and *Behan* v. *Maleady* (*supra*) and was brought to the attention of the Appellate Division in those cases and is in effect overruled by them, and I should take those cases as authorities binding on me even if I did not agree with them,

which I do. *Schubert* v. *Schubert Wagon Co.* (249 N. Y. 253) and *Riemers* v. *Clark* (252 App. Div. 892) rest upon a totally different principle. True, the liability of the defendant in those cases derived from the negligence of the husband of the plaintiff, but the reason no action could be maintained against the husband was the wife's lack of capacity to sue resulting from the marital status, whereas here plaintiffs' inability to maintain an action against their coemployees is due to the fact that the Legislature has deprived them of a cause of action and substituted therefor a right to compensation from the employer.

Plaintiffs argue that if subdivision 6 be held to bar a suit against the owner of the truck, then it likewise bars a suit against the operator of the trolley car. That does not necessarily follow. Subdivision 1 of section 29 provides that if an employee entitled to compensation be injured by the negligence or wrong of " another not in the same employ " he may pursue his remedy against such other. Plaintiffs thus are entitled to an opportunity to show that they were injured by the negligence of the operator of the trolley car rather than by the negligence of the operator of the truck. Whether or not plaintiffs could recover if it were shown that their injuries resulted from the concurrent negligence of both is a question not presented upon this motion and I express no opinion upon it.

The motion to strike out the first affirmative defense is accordingly denied.

Defendant Kohne also pleads assumption of risk, fellow-servant rule, and joint enterprise. If the first defense be good, as I have just held it is, these become immaterial. If the first defense be bad, then the truck owner is entitled to assert those defenses. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Rodgers* v. *Ward*, 169 Misc. 559; affd., 256 App. Div. 986.)

The motion to strike is accordingly denied *in toto.*