MARY PUCCIO, Plaintiff, *v.* SHELDON S. CARR and JOHN WARD SEEMAN, Defendants.

Supreme Court, Special Term, Otsego County, December 17, 1941.

*Seybolt & Seybolt*, for the plaintiff.

*Edmond J. Fitzgerald*, for the defendants.

DEYO, J. Mary Puccio was injured while riding as a passenger in an automobile driven by Mr. Seeman and owned by Mr. Carr, and brings this action against both of them for the damages which

she claims she has suffered. The defendant Carr has interposed a separate defense, alleging that at the time of the accident Miss Puccio and Mr. Carr were coemployees of a certain school district which had procured coverage for this plaintiff through workmen's compensation, and that the injuries arose out of and in the course of the plaintiff's employment and that the plaintiff's exclusive remedy is under the Workmen's Compensation Law. The motion is to strike out this separate defense.

Subdivision 6 of section 29 of the Workmen's Compensation Law provides: " The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ." Regardless of some earlier decisions to the contrary (*Hall* v. *Hill*, 158 Misc. 341), it now seems to be definitely established that the section means exactly what it says and is a bar to an action by an injured employee against his coemployee for damages resulting from the coemployee's negligence. (*Abbondondolo* v. *Mealing*, 249 App. Div. 818; *Behan* v. *Maleady*, Id. 912; *Fellows* v. *Seymour*, 171 Misc. 833; revd. on other grounds, 259 App. Div. 966; *Schwartz* v. *Forty-second St., M. & St. N. Ave. R. Co.*, 175 Misc. 49.) Whether or not the plaintiff was an employee of the school district at the time of the accident and whether or not the defendant Carr was a coemployee are questions of fact which may not be disposed of on affidavits. (*Fellows* v. *Seymour, supra; Abbondondolo* v. *Mealing, supra.*) In fact, there is serious question whether the affidavits submitted by both parties should receive any consideration whatsoever on a motion brought under this particular rule of civil practice. (*Bomar* v. *Pasinsky*, 254 App. Div. 322; *Purdy* v. *McGarity*, 176 Misc. 82; revd. 262 App. Div. 623.) However, a decision on these questions is unnecessary, for the plaintiff's motion must be granted on entirely different grounds. It will be noted that the statutory remedy against the employer is exclusive only if the injuries were caused by the " negligence or wrong " of the coemployee. Such does not seem to be the case in the situation presented Carr, the owner and alleged coemployee, was not present in the automobile. The plaintiff's injuries were caused, if at all, by the negligence of the defendant Seeman, not by the negligence of the alleged coemployee. Carr's liability for these injuries is derivative only and arises solely by virtue of the provisions of section 59 of the Vehicle and Traffic Law. This liability is purely statutory and is not dependent upon any wrongdoing on the part of the owner. As the courts have pointed out in other situations when they have been called upon to interpret this statute, the negligence of the

driver does not become the negligence of the owner. The statute is one which imposed liability under certain circumstances. It does not go further. (*Mills* v. *Gabriel*, 259 App. Div. 60; affd., 284 N. Y. 755; *Gochee* v. *Wagner*, 232 App. Div. 401; revd. on other grounds, 257 N. Y. 344.) Therefore, since the plaintiff's injuries herein, under the factual situation presented, were not and could not have been caused by the " negligence or wrong " of any coemployee, the separate defense is irrelevant and unnecessary and must be stricken from the answer.

Submit order in accordance with the foregoing.