MARY PUCCIO, Respondent, v. SHELDON S. CARR, Appellant.— This is an appeal by defendant Carr from an order granting plaintiff's motion to strike out paragraphs third, fourth, fifth and sixth of defendant's answer, pursuant to the provisions of rule 103 of the Rules of Civil Practice. The separate defense so stricken from the answer stated, in substance, that defendant was the president of the board of trustees of a school district, of which plaintiff was a teacher-employee; that the school district elected to bring its employees under coverage of the Workmen's Compensation Law and that at the time of the accident the plaintiff was riding as a passenger in her capacity of teacher and employee of said school district and in the course of her employment, and further, that plaintiff and defendant were coemployees. The Special Term rendered its order and decision striking out the separate defense on the ground that defendant's liability is statutory (Vehicle and Traffic Law, § 59), and not dependent upon any wrongdoing or negligence pursuant to the provisions of section 29 of the Workmen's Compensation Law. Clearly, the defendant, the owner of the automobile in which plaintiff was riding, was not a coemployee. He was not present in the automobile at the time of the accident. The finding of the Special Term that plaintiff's injuries were not caused by negligence or wrongdoing of a coemployee is amply supported by the evidence and the separate defense was properly stricken from the answer. The order appealed from should be affirmed. Order unanimously affirmed, with twenty-five dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ. [177 Misc. 706.]

JONATHAN HOLDEEN, Appellant, v. SHEFFIELD FARMS COMPANY, INC., Respondent.— Appeal by the plaintiff from a judgment, entered upon the report of a referee, dismissing the complaint. The referee correctly held that the evidence was insufficient to establish a new lease between the parties. By holding over, however, defendant became by implication a tenant for an additional term at the old rental, and plaintiff is entitled to a judgment for rental covering the months of October, 1936, and February, 1937. The complaint is broad enough to embrace this claim. Judgment of dismissal reversed, with costs, and judgment granted in favor of the plaintiff for $441.66, with costs. The court disapproves of findings of fact numbered 8th and 9th, and of the 2d, 3d and 4th conclusions of law. The court makes these findings and conclusions: 1. During the period from October, 1936, through to April, 1937, the defendant remained in occupancy of the premises of the plaintiff, and for this period defendant tendered, and plaintiff accepted and cashed, checks in the sum of $220.83 for each month except the months of October, 1936, and February, 1937. 2. Plaintiff is entitled to a judgment for rental accruing for the months of October, 1936, and February, 1937, amounting to $441.66, with costs. Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur.