DAN PANTOLO, Plaintiff, *v.* PAUL V. LANE, Defendant.

Supreme Court, Special Term, Broome County, July 3, 1945.

*Morris Gitlitz* for defendant.

*Charles T. Keane, Jr.,* for plaintiff.

Deyo, J. The plaintiff alleges that he was injured through the negligence of the defendant, a coemployee of Endicott-Johnson Corporation. The accident took place on the parking lot which the company maintains for its employees while they were both arriving for work. The defendant was operating his automobile and the plaintiff was on foot. It now seems to be definitely established that subdivision 6 of section 29 of the Workmen's Compensation Law is a bar to an action by an employee against his coemployee for damages resulting from the coemployee's negligence. (*Abbondondolo* v. *Mealing,* 249 App. Div. 818; *Behan* v. *Maleady,* 249 App. Div. 912; *Puccio* v. *Carr,* 177 Misc. 706, affd. 263 App. Div. 1042; *Caulfield* v. *Elmhurst Contr. Co.,* 268 App. Div. 661, 665.) However, this subdivision is available as a bar only if both the plaintiff and the defendant were acting in the course of their mutual employment at the time and place of the accident. (*D'Agostino* v. *Wagenaar,* 183 Misc. 184, affd. 268 App. Div. 912.) The general rule is that an employee is within the course of his employment and therefore entitled to compensation, where he sustains injuries on his employer's premises while going to or leaving work. (*Matter of Kowalek* v. *N. Y. Cons. R. R. Co.,* 229 N. Y. 489, 492.) This rule has been applied even where the employee was upon the sidewalk adjacent to the employer's premises, where the cir-

cumstances were such as to show some degree of control over the location. (*Matter of Lynch* v. *City of New York*, 242 N. Y. 115; *Matter of Manville* v. *N. Y. State Dept. of Labor*, 294 N. Y. 1.) Under the authority of these cases it would seem clear that both of these parties were acting within the scope of their employment and would have been entitled to compensation had they been injured in the use of or because of the employer's premises. Should a different result be reached because the instrumentality which caused the accident was controlled by the defendant? I think not. If it is admitted that they were both acting within the scope of their employment, for one purpose, it should follow that they were so acting for all purposes. Assume for the moment that these two employees had been on foot and had collided, I think it will be agreed that compensation would be the sole remedy. The injection of an automobile does not seem to me to alter the situation. This result is not contrary to the holding in *D'Agostino* v. *Wagenaar* (*supra*), for in that case there was a finding that the defendant had abandoned his employment before the accident, and although he was still on the employer's property, he had embarked upon a private venture of his own. Under such circumstances, he would have been denied compensation, and it follows, therefore, and the court so held, that the subdivision in question did not bar an action against him.

Similarly, in *City of New York* v. *Fusco* (170 Misc. 564) the accident occurred on the public street before the defendant had commenced work, and hence, it was held that he was not " in the same employ at the time of the accident." In the course of the decision, however, the court pointed out, at page 565, that the right of action would have been barred had the employee been injured " by the acts of another employee arising out of the exigencies of the undertaking upon which the employees jointly were engaged." *Philips* v. *D'Angelo* (37 N. Y. S. 2d 108) likewise is not authority for a contrary conclusion, for there the accident occurred away from the employer's premises and while the defendant was acting outside the scope of his employment in providing transportation for his coemployees.

All of these cases recognize that under certain circumstances an action such as this will be barred by the provisions of subdivision 6 of section 29 of the Workmen's Compensation Law. I believe that such circumstances exist in the instant case. The parties were coemployees. They were on the premises of their common employer and they were on their way to the actual

performance of their duties by a route provided by their common employer. Under such circumstances, I find that they were both acting in the course of their employment when the accident occurred, and compensation is therefore the exclusive remedy.

The motion dismissing the complaint is, therefore, granted.