Memorandum: Defendant claims that subdivision 6 of section 29 of the Workmen’s Compensation Law bars, as a matter of law, plaintiff’s recovery of damages for personal injuries sustained when defendant, while driving his own car, struck plaintiff. Both are employed by the West Canada Valley Central School, and both are covered by workmen’s compensation. Plaintiff is a bus driver and custodian. Defendant is a teacher of agriculture and his employment involves inspection of students’ home projects as well as teaching classes at the school. Proof to the effect that at the time of the accident, 3 :00 o’clock in the afternoon, defendant was driving to a garage on the school premises to report a soft tire on a school vehicle which he had driven that day, was uncontradicted. Defendant testified that his work for the day was not yet completed. The principal and vice-principal of the school both testified that defendant was permitted to use his own car on school business, and this was uncontradicted. A jury may not wholly disregard unsuspicious and uncontradicted testimony. (Hull v. Littauer, 162 N. Y. 569.) On this record, it appears without question that both of these employees were acting within the course of their employment; the injury of either party at that time, if arising out of his employment, would be compensable; and both were “ in the same employ ” within the meaning of the act. Plaintiff’s action is therefore barred. (See Pantolo v. Lane, 185 Misc. 221.) All concur. (The judgment is for plaintiff in an automobile negligence action.) Present — Taylor, P. J., MeCurn, Love, Kimball and Piper, JJ.