Per Curiam.

The affirmative defense alleges that defendant Edward Ranieri and plaintiff were in the employ of a common employer and that at the time of the collision plaintiff and defendant Edward Ranieri were in the scope of their common employment and that subdivision 6 of section 29 of the Workmen,’s Compensation Law of the State of New York makes an award of workmen’s compensation the sole and exclusive remedy of an injured employee for an injury caused directly or indirectly by his coemployee in the scope of employment.
It may be that if codefendant Lee A. Ranieri is held to answer to plaintiff in this action, then she is entitled, in a proper action, to recover against Edward Ranieri, a fellow employee of plaintiff, and the result would he that a fellow employee is made liable indirectly in an amount which could not be recovered directly. The same argument was made in the case of Westchester Lighting Co. v. Westchester County Small Estates Corp. (278 N. Y. 175) and overruled (see, also, McFall v. Compagnie Maritime Belge, 304 N. Y. 314; Puccio v. Carr, 263 App. Div. 1042). It is clear that plaintiff’s right herein to recover damages from the owner of a car (not a fellow employee) is a statutory one created by section 59 of the Vehicle and Traffic Law, which makes the owner of a car liable for the negligence of a person legally operating the car with the permission of the owner.
Accordingly, the order made herein should be reversed and plaintiff’s motion granted, with $10 costs and disbursements.
Hofstadter, Hecht and Aurelio, JJ., concur.
Order reversed, etc.