John E. Cone, J.
Motion to strike defendant’s affirmative defense pursuant to rule 109 of the Rules of Civil Practice. The action is to recover damages for personal injuries sustained by the plaintiff while a passenger in a truck owned by the defendant and while the said truck was being driven on a public highway by plaintiff’s coemployee in the course of their employment. The defendant owner is not an employer of the plaintiff or the coemployee. The affirmative defense pleads that plaintiff’s exclusive remedy is compensation under the provisions of the Workmen’s Compensation Law, and particularly under subdivision 6 of section 29 thereof.
The defendant contends that only when the operator of the motor vehicle is liable for his negligence is his negligence imputable to the owner under section 59 of the Motor Vehicle Law; that it is analogous to the liability of a master for the acts of his servant under the doctrine of respondeat superior wherein the liability of the master is dependent upon the liability of the servant. Similar argument was rejected in the Court of Appeals in the case of Schubert v. Schubert Wagon Co. (249 N. Y. 253), where it was held that personal immunity of an agent or servant may not inure to the benefit of his principal or master. And, accordingly, such argument is rejected here.
The question with respect to exclusiveness of remedy by the employee is answered by Caulfield v. Elmhurst Constr. Co. (268 App. Div. 661, affd. without opinion 294 N. Y. 803). The court therein said (p. 664): “ The statute ‘ regulates the relation, not between a workman and the world at large, but between workman and employer ’ (Matter of Zirpola v. Casselman, Inc., 237 N. Y. 367, 373). As between them the remedies therein provided are exclusive. (Workmen’s Compensation Law, § 11.) As to a third party, however, the common-law remedy for his negli-
*827 gence or wrong remains unimpaired and unaffected. His liability is extrinsic to the statute. (Hession v. Sari Corporation, 283 N. Y. 262, 266.) The statute leaves untouched ‘ the duties and liabilities of wrongdoers outside of the relation which it regulates, and contents itself with guarding against a duplication of benefits by appropriate provisions for subrogation or allowance.’ (Matter of Zirpola v. Casselman, Inc., supra, p. 373.) The third party ‘ has nothing whatever to do with this law, except to pay the damages for which he is liable.’ (O’Brien v. Lodi, 246 N. Y. 46, 50.) To enforce the payment of such damages the injured party or his dependents may pursue the common-law remedy against him. * * * the sole test of the third party’s liability is the latter’s liability to the injured employee or his dependents. Hence, neither the fault of the employer nor the fault of his other servants can defeat or impair the right to recover.”
And then on page 665 the court continues: ‘ ‘ The legislative history of subdivision 6 shows it has no application to an action brought by an injured employee * * * against a third party. ’ ’
In Goldwasser v. Ranieri (2 Misc 2d 606) the Appellate Term, First Department, held that where plaintiffs were seeking to recover from an owner of an automobile for injuries sustained therein while it was being driven by plaintiffs’ coemployee in the course of their employment, plaintiffs’ right to recover was a statutory one and the owner could not avail himself of a defense under subdivision 6 of section 29 of the Workmen’s Compensation Law. The court (p. 607) said: “ It may be that if the codefendant Lee A. Ranieri is held to answer to plaintiff in this action, then she is entitled, in a proper action, to recover against Edward Ranieri, a fellow employee of plaintiff, and the result would be that a fellow employee is made liable indirectly in an amount which could not be recovered directly. The same argument was made in the case of Westchester Lighting Co. v. Westchester County Small Estates Corp. (278 N. Y. 175) and overruled (see, also, McFall v. Compagnie Maritime Belge, 304 N. Y. 314; Puccio v. Carr, 263 App. Div. 1042)."
Accordingly, the motion is granted. This court is not unmindful of the opinion expressed in Roberts v. Gagnon (1A D 2d 297). The conclusions reached therein appear to be in conflict with the views accepted by the Court of Appeals in its affirmance of Caulfield v. Elmhurst Constr. Co. (supra), and its reasoning appears to be unacceptable in view of the law as expressed in Goldwasser v. Ranieri (supra) and the cases cited therein. Settle order.