James S. Brown, J.
Motion by defendant and third-party plaintiff Jackson to amend the answer by including subdivision 6 of section 29 of the Workmen’s Compensation Law as an affirmative defense. This subdivision reads: ‘ ‘ The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.” There is no allegation that movant is the employer or coemployee of plaintiff. The action is to recover damages for personal injuries sustained by plaintiff while he was unloading a truck owned by defendant and third-party plaintiff Jackson, which had been hauled to pier 50, North River, by a tractor owned and operated by defendant Traub Freight Linés, Inc. The complaint states that plaintiff, while unloading the trailer in the regular course of his duty, was injured when the cargo fell upon him. Plaintiff alleges that this happened solely because of the negligence of the defendants in stowing the cargo improperly or in permitting the cargo to be stowed improperly.
The third-party complaint alleges that plaintiff was an employee of Universal Carloading and Distributing Co., Inc., third-party defendant, and that the cargo was stowed in and unloaded from the trailer by and under the exclusive control of said third-party defendant by its employees. The third-party complaint also states that if plaintiff was injured as a result of negligence, other than his own, that the third-party defendant, its agents and employees were guilty of such negligence.
The Workmen’s Compensation Law regulates the relation, not between a workman and the world at large, but between workman and employer. (Matter of Zirpola v. Casselman, Inc., 237 N. Y. 367, 373.) Section 29 of the Workmen’s Compensation Law gives an injured employee a choice of statutory compensation or common-law recovery against a third party. Subdivision 6 of section 29 of this statute is a bar to an action by an injured employee against his fellow employee for damages resulting from the latter’s negligence (Puccio v. Carr, 177 Misc. 706, 708, affd. 263 App. Div. 1042). “ Fairly construed, it applies only where the negligence of a fellow employee was the sole proximate cause of the injury or death. That fact defendant is free to show under its general denial, and if it be established as a *145 matter of law or fact the complaint must be dismissed regardless of the Workmen’s Compensation Law or plaintiff’s rights thereunder against intestate’s employer. On the other hand, if it be found that plaintiff’s intestate was free from contributory negligence and that defendant’s negligence was a proximate cause of the accident, defendant is liable even though the negligence of a fellow employee was a concurring proximate cause. ’ ’ (Caulfield v. Elmhurst Contr. Co., 268 App. Div. 661, 665, affd. 294 N. Y. 803.)
Since movant does not allege that he is the employer or coemployee of plaintiff, he has the status of a third party, and as such is not entitled to plead the proposed affirmative defense.
Accordingly, the motion is denied. Settle order on notice. (See Milone v. Bono, 8 Misc 2d 826, which involves a similar situation.)