Mario Pittoui, J.
The plaintiff, Vito Minerva, moves for an order, pursuant to rule 109 of the Rules of Civil Practice, striking out the defendant’s affirmative defense. The truck involved in the accident was owned by the defendant Certified Trucking, Inc., and was leased and operated by Liebmann Breweries, Inc. The plaintiff, an employee of Liebmann, was on the truck as a helper when another Liebmann employee, Ketcham, was the chauffeur. The plaintiff complains that he received personal injuries as a result of a collision between this truck and another, and that the accident was caused by Ketcham’s negligence and also by the defendant’s in permitting the truck to have defective brakes and to be in a state of disrepair. The sole defendant, Certified Trucking, Inc., denies the allegations of negligence and sets forth an affirmative defense that at the time of the accident the chauffeur and the plaintiff were fellow employees of a common employer, Liebmann Breweries, Inc.; and therefore, by reason of subdivision 6 of section 29 of the Workmen’s Compensation Law, no action lies against the owner of the truck, the defendant herein. This affirmative defense is not sufficient as a matter of law. The plaintiff’s right to recover damages from, the owner of the truck (not a fellow employee) is a statutory one created by section 59 of the Vehicle and Traffic Law. Section 59 makes the owner of the vehicle liable for the negligence of a person legally operating the vehicle with the permission of the owner. The plaintiff’s right to recover in this action is not precluded by subdivision 6 of section 29 of the Workmen’s Compensation Law (McFall v. Compagnie Maritime Belge, 304 N. Y. 314; Westchester Light. v. Westchester County Small Estates, 278 N. Y. 175; Puedo v. Carr, 263 App. Div. 1042; Goldwasser v. Ranieri, 2 Misc 2d 606).
Plaintiff’s motion is granted. Submit order.