■ JOSEPH NASO, Respondent, v. SALVATORE LAFATA, JR., Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from so much of a judgment entered after a jury trial as is in favor of respondent against appellant. Judgment insofar as appealed from affirmed, with costs. Respondent was a passenger in a motor vehicle owned by appellant and operated by defendant. Respondent and defendant were coemployees of a corporation of which appellant was president. Appellant was not present at the time and place of the collision of his vehicle with a parked car. Under this proof, appellant was neither respondent's employer nor his fellow employee insofar as the operation of the vehicle was concerned. The fellow-servant rule, immunizing an employee from suit by his fellow employee (Workmen's Compensation Law, § 29, subd. 6), does not apply to the owner of the vehicle where the master's duty to transport the servant is performed by such owner acting on behalf of the master, even if the owner of the vehicle bears some relationship either to the driver or to the master (*Puccio* v. *Carr*, 177 Misc. 706, affd. 263 App. Div. 1042; *Goldwasser* v. *Ranieri*, 2 Misc 2d 606; *Milone* v. *Bono*, 8 Misc 2d 826). The driver's immunity from suit does not inure to the absent owner of the vehicle (cf. *Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253) since the latter's liability arises, not from his relationship to the driver or master, but as a statutory consequence of derivative liability imposed by the provisions of the vehicle and traffic statutes (cf. *Baugh* v. *Rogers*, 24 Cal. 2d 200; *Elfeld* v. *Burkham Auto Renting Co.*, 299 N. Y. 336). The owner of the vehicle is thus to be treated as a third party whose liability is not eliminated by the provisions of the Workmen's Compensation Law even though the negligence of a fellow employee was a concurring proximate cause of plaintiff's injury (*Caulfield* v. *Elmhurst Contr. Co.*, 268 App. Div. 661, affd. 294 N. Y. 803). Wenzel, Acting P. J., Beldock and Hallinan, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: While appellant was the owner of the automobile in which respondent was a passenger when the accident occurred, it is conceded that the car was being operated by a fellow

employee in the business of a corporation, not a party to this action, and on respondent's consent the complaint was dismissed as to the operator on the ground that the provisions of subdivision 6 of section 29 of the Workmen's Compensation Law preclude recovery against the fellow employee. Appellant's freedom from actual negligence is likewise conceded. Nevertheless, it is contended here that appellant may be held liable as a statutory consequence of the derivative liability imposed by section 59 of the Vehicle and Traffic Law (which created a liability where none before existed). This overlooks the fact that the clear and explicit language of the Workmen's Compensation Law limits, under circumstances such as these, the injured employee's remedy to the provisions of the act. " The Workmen's Compensation Law provision, however, does not, in terms, create an immunity for the negligent employee but a bar against the injured employee, providing as it does that the latter's exclusive remedy is under that act. As between the employees, the effect is the same and while the semantic difference is to that extent of no moment, it is important for purposes of construction, and significant in the consideration of its impact upon other relationships. The provision 'makes one and only one remedy available to an employee injured in the course of his employment by a fellow worker — namely, workmen's compensation.' (*Roberts* v. *Gagnon,* 1 A D 2d 297, 301, *supra*.) As pointed out by Justice ZELLER in that case (p. 301), the statute affects not only employee against employee, and employee against employer relationships but that of employer against employee (as respects recovery over) as well. In depriving an employee of other recourse, the Legislature could scarcely have used stronger language than 'exclusive remedy' (Workmen's Compensation Law, § 29, subd. 6) and we cannot agree that the clear language of this special and express provision, enacted for reasons peculiar to the problems of industrial employment, was intended to be vitiated, in part, by the general provisions of section 59 of the Vehicle and Traffic Law." (*Rauch* v. *Jones,* 4 A D 2d 572, 574–575.) (See, also, *Pangburn* v. *Buick Motor Co.,* 211 N. Y. 228; *Sarine* v. *American Lumbermen's Mut. Cas. Co.,* 258 App. Div. 653; *Shortell* v. *Goldsmith,* 136 Misc. 138.)