OPINION OF THE COURT
Bernard F. McCaffrey, J.
This motion by attorneys which seeks an order to renew and reargue the order of this court dated January 13, 1986, which granted defendants, Conservative Gas Division, National Propane Corp., Sid Harvey Metro New York, Inc., and A.O. Smith Corporation, leave to amend their respective answers so as to include a counterclaim against plaintiff, Andrew Mensch, for damages claimed by plaintiffs, John P. Mclnerney and Donna Mclnerney, is granted, and upon such renewal, reargument and reconsideration, the court adheres to its original determination.
The counterclaims permitted by the aforesaid order allow the respective defendants, if successful on said counterclaims, to a proportionate contribution and/or indemnity from plaintiff, Andrew Mensch, based on said plaintiff’s responsibility for damages sustained by plaintiffs, Mclnerney.
CPLR 1401 provides, in pertinent part, as follows: "two or more persons who are subject to liability for damages for the same personal injury * * * may claim contribution among them whether or not * * * a judgment has been rendered against the person from whom contribution is sought.”
Originally, the law was to the effect that a servant is liable in damages for his own tortious acts even though at the time he was engaged in the work of his employer (Judson v Fielding, 227 App Div 430, affd 253 NY 596) and this rule has been applied even where the person injured was a fellow employee (Murray v Usher, 117 NY 542; see, 37 NY Jur, Master and Servant, § 151). However, following the Judson case, Workmen’s Compensation Law § 29 was amended by enactment of subdivision (6) (L 1934, ch 695) wherein the Legislature abrogated the rule announced in Judson (see, Liston v Hicks, 243 App Div 159, 162; Abbondondolo v Mealing, 249 App Div 818).
Subdivision (6) provides as follows: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, *443 when such employee is injured or killed by the negligence or wrong of another in the same employ.” It is clear that subdivision (6) means just what it says, and is a bar to an action by an injured employee, or in case of death, by his dependents, against his fellow employee for damages resulting from the latter’s negligence (Puccio v Carr, 177 Misc 706, 708, affd 263 App Div 1042; Caulfield v Elmhurst Contr. Co., 268 App Div 661, 665 [2d Dept]). Of course, Dole v Dow Chem. Co. (30 NY2d 143, 152) came along and had its effect on the exclusive remedy aspect of section 29, at least to the extent of contribution or indemnification in third-party actions. The exclusive remedy provision of section 29 (6) is not a valid defense for nonemployer defendants when the employer is a third-party defendant (see, Bellefeuille v City & County Sav. Bank, 43 AD2d 335). The logical extension of Dole v Dow Chem Co. (supra) is to cover situations such as those in the case at bar, so that a coemployee could be exposed to contribution to a third-party tort-feasor.
Contribution applies when two or more joint tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omission in causing an accident in violation of their duties they respectively owed to the injured person (Rogers v Dorchester Assoc., 32 NY2d 553). The case of Dole v Dow Chem Co. (supra) abolished the active-passive negligence test for indemnity and sustained a right of "partial indemnification” which allows an equitable apportionment between joint tort-feasors based upon their relative degrees of fault. The rule in Dole v Dow Chem. Co. (supra) was hardly intended to overturn basic and satisfactory principles of common-law indemnification between vicariously liable tort-feasors and tort-feasors guilty of acts or omissions causing the harm (see, Malette v Loblaws, 61 AD2d 1054).
Where a third party is responsible for a part, but not all, of the negligence through which a defendant is answerable in damages, the responsibility for that part is recoverable by the defendant against the third party (Dole v Dow Chem. Co., supra). It has long been held that a court may, where the facts alleged show a proper case for equitable relief, assume equitable jurisdiction of an action for indemnity or contribution (see, Blum v Good Humor Corp., 57 AD2d 911).